SEDGWICK *against* HOLLENBACK.

In an action of covenant on the covenants contained in a deed of *seisin, power to sell, quiet enjoyment,* against *encumbrances* and *warranty;* it was held, that the breaches in the declaration were well assigned in the words of the covenants; that an entry by the covenantor himself, tortiously and without title, is a breach of the covenant for quiet enjoyment; that a breach of the covenant of *warranty* is bad, if it does not state an *eviction.*

Where the plaintiff alleged that the defendant was not seised, &c. and the defendant pleaded that he was seised, &c. and the plaintiff replied, that he was not seised, because one *W. B.* at the time was seised of three undivided seventh parts of the premises, this was held a good assignment of a breach of the covenant, for it shows that the defendant was not seised absolutely in fee of the whole right.

But the stating an outstanding mortgage and a judgment, at the time of the covenant, without averring a foreclosure or possession under the mortgage, is not alleging a sufficient breach of seisin; and a judgment of itself does not transfer the title, or destroy the seisin.

THIS was an action of covenant. The declaration stated, that the defendant by his deed, dated the 14th of *July*, 1807, in consideration of 800 dollars, granted, bargained, sold and conveyed to the plaintiff a piece of land, &c. and in and by the said deed covenanted with the plaintiff, that the defendant was well *seised*, &c. and had good right to sell, &c. and that the plaintiff should from time to time, and at all times thereafter, peaceably and quietly have, hold, occupy, possess and enjoy the said premises with the appurtenances, as above granted and bargained, and the defendant further covenanted, that he would *warrant* and defend the premises, &c. The plaintiff assigned as breaches, 1. That the defendant was not seised, &c. (in the words of the covenant;) 2. That he had not power to sell, &c. (in the words of the covenant;) 3. That the defendant had not, from time to time, and at all times after the making the said deed, hitherto peaceably and quietly had, held, &c. the said premises with the appurtenances, without any let, &c. but that, on the contrary, the defendant, on the 10th of *October*, 1808, disturbed and hindered the plaintiff in the use, occupation, &c. of the premises, and the defendant did put and cause to be put into possession of the premises divers persons and their families, to wit, &c. and ejected and amoved the plaintiff from the use and occupation, and possession, &c. 4. That the defendant hath not warranted and defended the premises, &c.

*Plea*, to the first and second breaches, that the defendant was seised, &c. and had proved to sell, &c.

First *plea* to the third and fourth breaches, that after the making the deed, &c. to wit, on the 14th of *July*, 1807, the plaintiff executed a mortgage to the defendant, of the premises, for securing the payment of the sum of 1,000 dollars, 300 dollars on the 1st of *March* next ensuing, 400 dollars on the 1st of *November*, 1808, and 300 dollars on the 1st of *November*, 1809, with interest, &c. and did, in and by the said mortgage, authorize and empower the defendant, in case of default in the payment of the said sum of 1,000 dollars, or any part thereof, to enter upon and take possession of the said premises; and the defendant averred that the plaintiff did make default, to wit, in the payment of the said sum of 300 dollars on the 1st of *March;* and the defendant on the 10th of *October*, 1808, did, in consequence, enter into the premises, and put *T.* and *A.* into the possession thereof as his tenants, who have ever since kept the possession thereof; and that, ever since the 14th of *July*, 1807, until the said 10th of *October*, the defendant did warrant and defend the said premises to the plaintiff, according to the said covenants, &c. and this he is ready to verify, &c.

Second plea to the third and fourth breaches: that the plaintiff, on the 14th of *July*, 1807, mortgaged the said premises to the defendant, to secure the said sum of 1,000 dollars, &c. and did, by the said mortgage, authorize and empower the defendant, his heirs and assigns, in case of the non-payment of the said sum, &c. to grant, bargain and sell the said premises at public auction, pursuant to the statute, &c. and that the plaintiff having made default, &c. the defendant did, on the 6th of *November*, 1807, assign and transfer the said mortgage to *William Shute*, for the consideration of the principal and interest due thereon; and that the plaintiff having made default in the payment, &c. the said *William Shute* did sell the said premises at public auction, pursuant to the said power, &c. according to the statute, &c. unto the defendant, for the consideration of, &c. by

reason whereof the defendant entered into the premises, on the 10th of *October*, 1808, and put the said *T.* and *A.* in possession, &c. as his tenants, &c. and that, ever since the 4th of *July*, 1808, the defendant did warrant and defend, &c.

Third plea to the third and fourth breaches: that the plaintiff, on the 14th of *July*, 1797, mortgaged the premises to the defendant, and the plaintiff having made default in the payment of the money according to the condition, &c. the defendant, by virtue of the mortgage, entered, &c. on the 10th of *October*, 1808, &c.

*Replication* to the *plea* to the first and second breaches: that the defendant was not seised, &c. because, at the time of the sealing and delivery of the said deed, the heirs of *William Bates* were seised, &c. of three equal and undivided seventh parts of the premises; and because, previous to the said deed, to wit, on the 8th of *January*, 1805, the defendant had mortgaged the premises to *V. Kingsley*, for securing the payment of 2,300 dollars, &c. and which mortgage remained unsatisfied at the time of the giving of the deed by the defendant to the plaintiff; and *because*, before the said deed of the defendant to the plaintiff, to wit, on the 6th of *March*, 1806, there was a judgment in this court against the defendant in favour of *J. B. Eves* and *S. Whiston*, for 6,328 dollars and 86 cents, and at the time of the said deed remained unsatisfied, &c. and this he is ready to verify, &c.

Replication to the *first* plea to the third and fourth breaches: that though the plaintiff did give the mortgage to the defendant, &c. yet the defendant, before his entry, &c. to wit, on the 6th of *November*, 1807, assigned the mortgage to *William Shute*, &c. and this he is ready to verify, &c.

*Replication* to the second plea to the third and fourth breaches: that the plaintiff did give the mortgage, &c. to the defendant, &c. and the defendant did assign it to *William Shute*, &c. but the plaintiff denies that the de-

fendant did, on the 8th of *April*, 1808, or at any other
time, before his entry, &c. purchase of the said *William
Shute* the said premises, &c. and this he prays may be
inquired of by the country, &c.

*Replication* to the third plea to the third and fourth
breaches : that the plaintiff did mortgage, &c. to the de-
fendant, as stated, &c. yet that, before the entry of the
said defendant, to wit, on the 6th of *November*, 1807,
the defendant did assign the said mortgage to *William
Shute*, &c. and this he is ready to verify, &c.

There was a *special demurrer* to the *replications*, and
the following causes were assigned: 1. Because the re-
plication to the plea to the first and second breaches,
after denying the whole plea, proceeds argumentatively
to state and allege a number of supposed facts, to main-
tain the traverse, and sets forth three distinct facts,
which, if put in issue, must be tried by different tribu-
nals ; and it concludes to the court, and not to the coun-
try. 2. That the replication to the first plea to the third
and fourth breaches neither confesses and avoids, nor
traverses and denies the said plea, but leaves it unan-
swered ; that the plea states a power to sell contained in
the mortgage, and the right to enter, and the default of
the plaintiff, and the defendant does not reply to these
facts, nor does he reply to the fact, that until the entry,
&c. the defendant did defend, &c. 3. That the replica-
tion to the second plea to the third and fourth breaches,
does not answer the allegations that the mortgage con-
tained a power to sell, and that the plaintiff made de-
fault, &c. 4. That the replication is *double*, as, after
confessing and avoiding a part of the said second plea
to the third and fourth breaches, and taking issue on
certain other parts of the said plea, and concluding to the
country, it further states part of the same facts so con-
fessed and avoided, by alleging that the said mortgage
was assigned to *William Shute*, and concludes to the
court. 5. That the said replication wants certainty, as it
does not appear to which of the said pleas the last repli-
cation was intended to relate.

ALBANY,
Feb. 1811.

SEDGWICK
v.
HOLLENBACK.

ALBANY,
Feb. 1811.

SEDGWICK
v.
HOLLENBACK.

There was a *joinder in demurrer;* and the cause was submitted to the court, without argument.

*Per Curiam.* The three first breaches in the declaration are well assigned. The two first are in the words of the covenant, and the third states, that the defendant himself entered and evicted the plaintiffs. In the case of a covenant for quiet enjoyment, an entry by the covenantor himself, tortiously and without title, is a breach. This was the doctrine in *Corus's* case, (*Cro. Eliz.* 544. 1 *Roll. Abr.* 430. pl. 11.) and it was very pointedly and strongly laid down in *Crosse* v. *Young.* (2 *Show.* 415.) But as the fourth breach, which was upon the covenant of warranty, does not state any eviction whatever, it is clearly bad, and it will be found that this defect was not cured by the replication.

The pleas were good and sufficient, and the next inquiry is respecting the replication.

The replication to the plea to the first and second breaches, assigns specially a breach in stating that the heirs of *Bates* were seised of three sevenths of the premises in fee. This was a good assignment; for if the defendant was not seised absolutely in fee of the whole right in the premises, his covenant was not true. He goes on and states two outstanding encumbrances, a mortgage and a judgment, and the question is, whether these were breaches of the covenant of seisin. He does not aver that the mortgage was foreclosed, or possession given, and until then the mortgagor is considered as seised, according to the doctrine of this court. A judgment is of itself no transfer of title, nor does it destroy the seisin of the defendant. So far the replication was filled with immaterial matter, and bad on special demurrer. The replication to the other pleas is bad in substance. It does not meet the fact charged of a lawful entry by the defendant under the title of the mortgage. Every fact in the replication to the first, second

and third plea to the third and fourth breaches, may be true, and yet the defendant may have lawfully entered under the mortgage. The defendant is therefore entitled to judgment upon the whole record; for the fourth breach is bad in substance, the replication to the plea to the first and second breaches is bad in form, and the replication to the other pleas is bad in substance.

Judgment for the defendant, with leave to amend on payment of costs.