Whyte, J;
delivered the opinion of the court; Crabb, J. *52 absent. This record presents to the court for determina-^ie sing]e question; “whether a judgment in ejectment, against the warrantee, without actual ouster by writ °f possession, or yielding up of possession by the warran-tee, is sufficient proof of an action, to maintain an action upon the warranty.
It is argued for Harshea, the defendant in error, that eviction of the warrantee, and a judgment in ejectment against him, are in principle the same; for that the execution follows the judgment, and cannot be resisted, and therefore the record of recovery by judgment alone, is sufficient evidence of an eviction. And it is further argued, that if an actual dispossession is necessary in law to constitute an eviction, it is not necessary that it should take place before the commencement of the suit by the warrantee. That this is to be collected from the ancient writ of warrantia chartae, which was the remedy by the common law on a real covenant of warranty; and 7 Bacon Abr. 239, 240, is cited, and relied upon to show this; where it is said, “likewise the warrantee, or his heirs, may at any time before they are impleaded for the land, bring a warrantia chartae upon the warranty in the deed, against the warrantor, or his heirs, and thereby all the land of the warrantee shall be bound and charged with the warranty, into whose hands soever it goes afterwards. So, if the lands warranted, be afterwards recovered from the warrantee, he shall have so much land over again, of the other land of the warrantor.”
This authority does not support the position for which it was introduced.
It is to be observed, that the warrantia chartae, is twofold in its object; and as chief justice Hobart says in his Reports 21, it is either provisional or remedial. “In the first, it is of fear and provision, for the purpose of fixing the warranty and binding the possession (or land) of the warrantor.” In the second or remedial, it is resorted to where a loss has been already sustained, and to be recompensed by value.
In the first case it may be brought by the warrantee, at any time after the warranty is entered into, and before eviction; and this was admitted, as Hobart says, of fear and *53 provision; it was for the benefit of the warrantee, to fix the time the writ is brought, into whose hands soever they may afterwards come; and thus render them liable to the loss, that may he at a future day sustained by the warrantee, upon the eviction of elder and better title to the land warranted.
Such was the object and effect of the judgment of warranty; upon which, and the after conviction of the warran-tee, he could have an “habera facias ad valentiam; but this last never could be had until after eviction, or loss sustained; then, and not till then, could the warrantee have recompense for that loss — or, as Hobart lays it down, it shall bind the land from the teste of the marrantia chartae, though he cannot have execution until he sustains loss. (Hobart's Rep. 22, 23; 5 Comyn's Digest 811; F. N. B., 135 D.; 2 Mass. Rep, 433.)
Thus, by reference to the ancient real.action of marrantia chartae, we see that the warrantee, to have recompense, •must have previously sustained loss. So, in the present personal action of covenant broken, upon the warranty, which has been substituted for the voucher and marrantia •chartae, the courts have preserved the same analogy, and required the warrantee to show a loss actually sustained, to entitle him to recompense in damages.
In Gore vs. Brazier, 3 Mass. Rep. 544, 5, chief justice Parsons, speaking on this subject, says, “it is certain that before the emigration of our ancestors, the tenant, on being lawfully evicted byatitle paramount, might maintain aperso-nal action ofcovenant broken on a real covenant of warranty and 1 Brownlow 21, 2; 2 Brownlow 164, 5, are cited by him; to which may be added Hobart 22 — where chief justice Parsons says, “a warranty, of itself real, may be used as a covenant to recover damages.” Chief justice Parsons fur-, ther says, “this remedy was adopted by our ancestors, as early as remedies for evictions of land sold with warranty, were necessary; and in a personal action of covenant, it is a general rule of law, that such pecuniary damages be recovered, as shall be an adequate compensation for the injury sustained by the breach of the warranty.” And in the case of Martin vs. Hobbs, 2 Mass. Rep. 438, the same able *54 judge says, “that at common law, the tenant, after he had jog£ might bring a personal action of covenant on the covenant, to warrant and defend and recover a satisfaction in damages; hut he must assign as a breach of the covenant, an ouster by title paramount.”
These authorities, and there are many others to the same effect, prove the strict analogy between the real action of warranty of charters in its remedial effect, and the personal action of covenant broken, on a covenant in a deed to warrant and defend. That in the zoarrantia chartae, although in its provisional effect, the writ was brought by the war-rantee hanging the plea, (as it is called,) or while he is tenant of the land warranted, and the judgment therein' hinds the lands of the warrantor, yet it is only provisionally that he is evicted, or sustains loss; and that the eviction of the warrantee must take place before he can have an-habere facias ad valentiam. So, in like manner, in its substitute, the personal action of covenant broken, there must he an eviction, or loss sustained by the warrantee, before he can recover damages for that loss. The eviction is the breach — it must have been consummated before the action brought, to give cause of action, and must be so proved to support the action. (See above cases cited; also 7 Bac. Abr. 238, 239 notes; 3 Term Rep. 186; Douglas’ Rep. 112 notes; 7 John. Rep. 259, Kent vs. Welch.)
Other books are referred to, to show, that the judgment in ejectment in this case is an eviction, or equivalent to an eviction. 2 Jacob's Law Dictionary 444, is relied on, giving the technical definition of the word eviction. He says it is from evinco, to overcome, and means “a recovery of land, by form of law, &c.” This is no doubt correct; but it is not to the point contended for, to wit: that a recovery of a-j-udgment alone is an eviction.
Recovery of lands, or in other words, obtaining lands by form of law, comprehends something more than obtaining a judgment; it is inclusive also of the possession, and means obtaining or recovering that also by form of law, or writ of execution.
But, although an eviction may be by recovery, by form *55 of law, it may also be as good and valid without, that is by entry, or other act in pais, amounting to an entry of him who hath the elder and better title, and putting out the tenant or warrantee, (Hobart 26; 4 Term Rep. 618; Hamilton vs. Cutts, 4 Mass. Rep.) An eviction then, whether it be effected by action, or by entrjq is in substance, the divesting the tenant of his estate in the- land. This results from the obligation of the warrantor, which is “nihil aliud quampossidentem defendere et acquietare, in sua seisina vel possessions, erga petentem.” Which may be thus translated: ‘‘nothing else but to defend and quiet the tenant in his seisin or possession against the plaintiff.” (1 Institute 345.)
The form of the plea of eviction, is also good evidence of its meaning, to wit: “entered in, &c., and then and there ejected, expelled, put out and amoved said A B from the possession, &c. &c.” (Lilly’s Entries 180; 2 Chilly's Pl. 484, 7; 4 Term Rep. 618; Cawper’s Rep. 242,3.)
The turning out of possession, is not effected by a judgment in ejectment. In Sedgwick vs. Hollenbock, the supreme court of New York say, “a judgment of itself is no transfer of title, nor does It destroy the seisin of the defendant.” (7 John. Rep. 376.) The eviction, or the turning out of possession, is caused by entry under the judgment, either with or without execution. So lord Mansfield, in the case of Atkins’ lessee vs. Horde, 1 Bur. 114, says, speaking of the judgment in ejectment, “he who enters under it, in truth- and in substance, can only be possessed according to right; prout lex postuloi. If he has a freehold, he is in as a freeholder; if he has a chattel interest, he is in as a termor— and in respect of the freehold, his possession enures according to right.”
I shall now proceed to notice the cases principally relied on by the counsel for defendant in error, in support of the charge of the court — they are decisions of the court of appeals of Kentucky. And it is argued, that they decidedly prove, that the course of decision in that state is, that the judgment in ejectment against the warrantee, and writ of possession awarded, without actual dispossession, is conclu-. sive evidence of eviction, and ought to govern the present *56 case; as the recovery by the paramount title was in that Independent of the latter consideration, the decisions of that court are entitled to the greatest respect. Do these cases support the position contended for?
The first in point of time, is Radcliff vs. Ship, Hardin’s Rep. 292. That was an action similar to the present, and the plaintiff offered in evidence the record of a judgment recovered against him, by one Thomas Marshall and others, in the court of quarter sessions for Mason county, and an (ihabere facias possessionam” sued out thereon. This record the court below refused to admit, for three reasons; the second reason, which only need be noticed here, is because it does not appear that the party was legally evicted. On this the court of appeals say, “it may justly be observed, that no better evidence of eviction, ought to be required, than the judgment of a court itself. Had the plaintiff refused to yield that just respect and due obedience to the court, which every good and well disposed citizen ought to render, then it might have been necessary, in order to effectuate the justice of the case, and to complete the right of the plaintiff in ejectment, to have executed the writ of possession; but surely there can be no objection to his acquiescing in, and submitting to the judgment, thereby rendering compulsion unnecessary, and preventing the further accumulation of costs. The court, therefore, erred in refusing to admit the record in evidence.”
This case comes far short of establishing what is claimed for it. The true state of the case, as is evident from the opinion of the court, is, that after the judgment in ejectment, and the writ of possession sued out, but not executed, the warrantee, RadcliiF, submitted, and gave up possession, acquiescing in the judgment, and thereby rendered the execution unnecessary. Such a case was good evidence of an eviction. But it seems the warrantor insisted that the z-ecovery of the possession should have been by an actual turning out by the sheriff, by force of the writ of execution ,- and that the relinquishing the possession, and submitting to the judgment, was not a legal eviction. To meet this part of the case, wore, the observations of the court directed: for *57 ihe court do not say, that without such a case, the judgment of itself is a sufficient evidence of eviction. The court, to be sure, do say, “it may justly be observed that no better evidence of eviction ought to be required, than the judgment of the court itself.” The court were here only observing upon the credit that ought to be given to a judicial proceeding, and the respect that ought to be paid to the judgment of a court, as a proper reason for the warrantee’s delivering up possession; and this is evident from the phraseology of the sentence, and the judgment of the court;, which is, that the record be admitted (not however as conclusive or sufficient,) evidence of the eviction.
The next case is Watson vs. Kennedy, 1 Marshall’s Rep. 389, which was an action of covenant upon a warranty in a deed. The court say, “the objection was made to reading the record of the action of ejectment; from the nature of the case, the record would prove no fact material in the cause but the eviction; and of this it was admissible as evidence, as has been repeatedly decided by this court.” This case, so far from showing, that in Kentucky, the course of decision has been, that a judgment in ejectment is sufficient evidence of an eviction, in an action of covenant upon a warranty in a deed: it show's that the record (not the j udgment alone,) of the recovery in ejectment, against the war-rantee, by the elder and better title, is admissible (not sufficient or conclusive) evidence, of an eviction.
This case being the later case, goes farther, and shows what is the course of decision in that state, and gives us the right understanding of the cases decided in Kentucky; thus concurring with the decisions in Massachusetts and New York; and to my mind, it is a position not tobe entertained of so highly respectable a court, as that of Kentucky, without the most irrefragable proof — that upon a question of common law, there should be a difference between it and those other courts, equally respectable for learning and talent.
It is, therefore, the opinion of this court, that the judgment of the circuit court be reversed, and that the cause be removed to the court from whence it came, for a new *58 trial to be had therein; on which trial the judge shall charge jury according to the principles of law laid down in this' opinion.*
Crabb, J. being of counsel in this cause, did not sit.

 In the case of Jones vs. Dodd, decided at Rogersville, November term, 1820, (a manuscript report of which is in the hands of the reporters,) the supreme court, consisting of judges Haywood, Emmerson, and Whyte, decided the same principles recognised in the above case of Feriss vs. Harshea, viz: that there must be an actual eviction of the warrantee, by paramount title, before an action of covenant can be maintained against the warrantor; and that a verdict andjudgment alone were not sufficient evidence of an eviction.
That case went off upon a demurrer. The declaration set out the defendant’s covenant of warranty in the usual manner, and then alleged as a breach of his covenant, that a third person had a better and paramount title to the lands warranted, and had recovered a verdict and judgment against the warrantee — to this declaration the defendant demurred.
The circuit court sustained the demurrei, and entered up judgment for the defendant; from which judgmenthe prosecuted his writ of error to the supreme court, where the judgment of the circuit court was affirmed, and the declaration held bad, for want of alleging an actual eviction; and that a verdict and judg-mentaloneagainstthe warrantee, was not an eviction, nor sufficient evidenceof an eviction. (Vide Kerr vs. Shaw, 13 Johnson's Rep. 236.)—Reporters.