Whyte, J.
delivered the opinion of the Court; Chabb, J. [52] absent. This record presents to the Court for determination the single question, “ whether a judgment in ejectment against the warrantee, without actual ouster by writ of possession', or yielding up of possession by the warrantee, is sufficient proof of an eviction to maintain an action upon the warranty.
It is argued for Harshea, the defendant in error, that eviction of the warrantee and a judgment in ejectment against him are in principle the same; for that the execution follows the judgment and cannot be resisted, and therefore the record of recovery by judgment alone is sufficient evidence of an eviction. And it is further argued that, if an actual dispossession is necessary in law to constitute an eviction, it is not necessary that it should take place before the commencement of the suit by the warrantee. That this is to be collected from the ancient writ of warrantia chartae, which was the remedy by the common law on a real covenant of warranty, and 7 Bacon Abr. 239, 240 is cited and relied upon to show this ; where it is said, “ likewise the warrantee or his heirs may, at any time before they are impleaded for the land, bring a warrantia chartae upon the warranty in the deed against the warrantor or his heirs, and thereby all the land of the warrantee shall be bound and charged with the warranty, into whose hands soever it goes afterwards. So, if the lands warranted be afterwards recovered from the warrantee, he shall have so much land over again of the other land of the warrantor.”
This authority does not support the position for which it was introduced.
It is to be observed that the warrantia chartae is twofold in its object, and, as Chief Justice Hobart says in his Reports, 21, it is either provisional or remedial. “ In the first it is of fear and provision, for the purpose of fixing the warranty and binding the possession (or land) of the warrantor.” In the second, or remedial, it is resorted to where a loss has been already sustained, and to be recompensed by value.
*425 In the first case it may he brought by the warrantee at any time after the warranty is entered into, and before eviction ; and this was admitted, as Hobart says, of fear and [53] provision ; it was for the benefit of the war-rantee, to fix the time the writ is brought, into whose hands soever they may afterwards come ; and thus render them liable to the loss that may be at a future day sustained by the warrantee upon the eviction of elder and better title to the land warranted.
Such was the object and effect of the judgment of warranty; upon which and the after eviction of the warrantee, he could have an habera facias ad valentiam ; but this last never could be had until after eviction, or loss sustained ; then, and not till then, could the warrantee have recompense for that loss, or, as Hobart lays it down, it shall bind the land from the teste of the warrantia chartae, though he cannot have execution until he sustains loss. Hobart’s Rep. 22, 23; 5 Comyn’s Digest, 811; F. N. B., 135 D.; 2 Mass. Rep. 433.
Thus, by reference to the ancient real action of warrantia chartae, we see that the warrantee, to have recompense, must have previously sustained loss. So, in the present personal action of covenant broken, upon the warranty, which has been substituted for the voucher and warrantia chartae, the courts have preserved the same analogy and required the warrantee to show a loss actually sustained, to entitle him to recompense in damages.
In Gore v. Brazier, 3 Mass. Rep. 544, 5, Chief Justice Parsons, speaking on this subject, says: “ It is certain that before the emigration of our ancestors, the tenant, on being lawfully evicted by a title paramount, might maintain a personal action of covenant broken on a real covenant of warranty ’’; and 1 Brownlow, 21, 22; 2 Brownlow, 164,105, are cited by him ; to which may be added Hobart, 22, where Chief Justice Parsons says, “ a warranty, of itself real, may be used as a covenant to recover damages.” Chief Justice Parsons further says, “this remedy was adopted by our ancestors, as early as remedies for evictions of land sold with warranty, were necessary ; and in a personal action of covenant, it is a general rule of law that such pecuniary damages be recovered, as shall be an adequate compensation for the injury sustained by the breach of the warranty.” And in the case of Martin v. Hobbs, 2 Mass. Rep. 438, the same able [54] judge says “ that at common law the tenant, after he had lost his land, might bring a personal action of covenant on the covenant, to warrant and defend and recover a satisfaction in damages; but he must assign as a breach of the covenant an ouster by title paramount.”
These authorities, and there are many others to the same effect, prove the strict analogy between the real action of warranty of charters in its remedial effect, and the personal action of covenant broken, on a covenant in a deed to warrant and defend. That in the warrantia chartae, although in its provisional effect, the writ was brought by the warrantee hanging the *426 plea, as it is called, or while he is tenant of the land warranted, and the judgment therein binds the lands of the warrantor, yet it is only provisionally that he is evicted or sustains loss; and that the eviction of the war-rantee must take place before he can have an habere facias ad valentiam. So, in like manner, in its substitute, the personal action of covenant broken, there must be an eviction, or loss sustained by the warrantee, before he can recover damages for that loss. The eviction is the breach, — it must have been consummated before the action brought, to give cause of action, and must be so proved to support the action. See above cases cited; also 7 Bac. Abr. 238, 239, notes; 3 Term Rep. 186; Douglas’s Rep. 112 notes; 7 John. Rep. 259, Kent v. Welch.
Other books are referred to, to show that the judgment in ejectment in this case is an eviction, or equivalent to an eviction. 2 Jacob’s Law Dictionary, 444, is relied on, giving the technical definition of the word “ eviction.” He says it is from evinco, to overcome, and means “ a recovery of land, by form of law, &c.” This is no doubt correct; but it is not to the point contended for, to wit: that a recovery of a judgment alone is an eviction.
Recovery of lands, or, in other words, obtaining lands by form of law, comprehends something more than obtaining a judgment; it is inclusive also of the possession, and means obtaining or recovering that also by form of law, or writ of execution.
But, although an eviction may be by recovery, by form [55] of law, it may also be as good and valid without, fhat is by entry, or other act in pais, amounting to an entry of him who hath the elder and better title, and putting out the tenant or warrantee. Hobart, 26; 4 Term Rep. 618; Hamilton v. Cutts, 4 Mass. Rep. An eviction, then, whether it be effected by action or by entry, is, in substance, the divesting the tenant of his estate in the land. This results from the obligation of the warrantor, which is “ nihil aliud quampossidentem defenderá et acquietare, in sua seisina vel possessions, erga petentem.” Which may be thus translated : “ nothing else but to defend and quiet the tenant in his seisin or possession against the plaintiff.” 1 Institute, 345.
The form of the plea of eviction is also good evidence of its me.aning, to wit: “ entered in, &c. and then and there ejected, expelled, put out, and amoved said A B from the possession, &c. &c.” Lilly’s Entries, 180; 2 Chitty’s Pl. 484, 487; 4 Term Rep. 618; Cowper’s Rep. 242, 243.
The turning out of possession is not effected by a judgment in ejectment. In Sedgwick v. Hollenbock, the Supreme Court of New York say: “A judgment of itself is no transfer of title, nor does it destroy the seisin of the defendant.” 7 John. Rep. 376. The eviction, or the turning out of possession, is caused by entry under the judgment, either with or without execution. So Lord Mansfield, in the case of Atkins’s Lessee v. Horde, *427 1 Bur. 114, says, speaking of the judgment in ejectment: “He who enters under it, in truth and in substance, can only be possessed according to right; prout lex postulat. If he has a freehold, he is in as a freeholder ; if he has a chattel interest, he is in as a termor, and in respect of the freehold, his possession enures according to right.”
I shall now proceed to notice the cases principally relied on by the counsel for defendant in error, in support of the charge of the Court; they are decisions of the Court of Appeals of Kentucky. And it is argued, that they decidedly prove that the course of decision in that State is, that the judgment in ejectment against the warrantee, and writ of possession awarded, without actual dispossession, is conclusive evidence of eviction, and ought to govern the present [56] case, as the recovery by the paramount title was in that State. Independent of the latter consideration, the decisions of that Court are pntitled to the greatest respect. Do these cases support the position contended for ?
The first in point of time is Radcliff v. Ship, Hardin’s Rep. 292. That was an action similar to the present, and the plaintiff offered in evidence the record of a judgment recovered against him, by one Thomas Marshall and others, in the Court of Quarter Sessions for Mason County, and an habere facias possessionem sued out thereon. This record the Court below refused to admit, for three reasons; the second reason, which only need be noticed here, is because it does not appear that the party was legally evicted. On this the Court of Appeals say: “It may justly be observed, that no better evidence of eviction ought to be required than the judgment of a court itself. Had the plaintiff refused to yield that just respect and due obedience to the Court which every good and well-disposed citizen ought to render, then it might have been necessary, in order to effectuate the justice of the case, and to complete the right of the plaintiff in ejectment, to have executed the writ of possession; but surely there can be no objection to his acquiescing in, and submitting to the judgment, thereby rendering compulsion unnecessary, and preventing the further accumulation of costs. The Court, therefore, erred in refusing to admit the record in evidence.”
This case conies far short of establishing what is claimed for it. The true state of the case, as is evident from the opinion of the Court, is that after the judgment in ejectment, and the writ of possession sued out, but not executed, the warrantee, Badcliff, submitted, and gave up possession, acquiescing in the judgment, and thereby rendered the execution unnecessary. Such a case was good evidence of an eviction. But it seems the warrantor insisted that the recovery of the possession should have been by an actual turning out by the sheriff, by force of the writ of execution; and that the relinquishing the possession, and submitting to the judgment, was not a legal eviction. To meet this part of the case, were the observations of the Court directed; for [57] the Court do not say, that without such a *428 case, the judgment of itself is a sufficient evidence of eviction. The Court, to be sure, do say: “It may justly be observed that no better evidence of eviction ought to be required than the judgment of the Court itself.” The Court were here only observing upon the credit that ought to be given to a judicial proceeding, and the respect that ought to be paid to the judgment of a court, as a proper reason for the warrantee’s delivering up possession; and this is evident from the phraseology of the sentence, and the judgment of the Court; which is, that the record be admitted (not, however,«as conclusive or sufficient) evidence of the eviction.
The next case is Watson v. Kennedy, 1 Marshall’s Rep. 389, which was an action of covenant upon a warranty in a deed. The Court say, “ the objection was- made to reading the record of the action of ejectment; from the nature of the case the record would prove no fact material in the cause but the eviction; and of this it was admissible as evidence, as has been repeatedly decided by this Court.” This case, so far from showing that in Kentucky the course of decision has been that a judgment in ejectment is sufficient evidence of an eviction, in an action of covenant upon a warranty in a deed, it shows that the record (not the judgment alone) of the recovery in ejectment against the warrantee by the elder and better title is admissible (not sufficient or conclusive) evidence of an eviction.
This case being the later case goes farther, and shows what is the course of decision in that State, and gives us the right understanding of the cases decided in Kentucky, thus concurring with the decisions in Massachusetts and New York; and, to my mind, it is a position not to be entertained of so highly respectable a Court as that of Kentucky, without the most irre-fragable proof, that upon a question of common law there should be a difference between it and those other courts, equally respectable for learning and talent.
It is therefore the opinion of this Court that the judgment of the Circuit Court be reversed, and that the cause be removed to the Court from whence it came, for a new [58] trial to be had therein; on which trial the judge shall charge the jury according to the principles of law laid down in this opinion. [1]
Ceabb, J. being of counsel in this cause, did not sit.