## GRIFFIN vs. REYNOLDS.

1. To show a breach of the covenant in a deed, created by the words *grant, bargain and sell*, it is necessary to aver that the title has failed in consequence of some act of the grantor.

2. In an action on a covenant of warranty, it is necessary to allege that the plaintiff has been evicted or has yielded up the possession of a paramount title.

3. A plea denying that the plaintiff has lost the possession of the land and avering that he still retains it, is good in bar of the action on a covenant of warranty.

Error to the Circuit Court of Pickens. Tried before the Hon. Sam'l Chapman.

ACTION of covenant for breach of warranty instituted by defendant against plaintiff in error. The facts appear in the opinion of the court.

Griffin v. Reynolds

J. L. MARTIN, for plaintiff in error:

1. To show that the demurrer to the first count of the declaration should have been sustained, we rely on the case of Roebuck v. Dupny, 2 Ala. 535; 5 Ala. 586.

? To sustain the demurrer to the second count, we rely on the following authorities—Caldwell v. Kirkpatrick, 6 Ala. 60; Clements v. Leggins, 1 Ala. 622; Dupuy v. Roebuck, 7 Ala. 484, at page 488; Ouster what? see 13 John. R. 236; 7 ib. 258-358; 3 ib. 464; 5 ib. 120; 2 ib. 1-105; 6 Cow. 123; 12 Ala. 159. To sustain the pleas demurred to, see 1 Chitty's Plead. 428. Pleas, in short, are good.—8 Ala. 173; 13 John. R. 404. The demurrer to the pleas should have been visited upon the first defective pleading, which was the declaration.

DARGAN, C. J.—The declaration in this case is framed upon a deed of conveyance which contains the covenant created by the words *grant, bargain and sell*, and also the covenant of warranty of title. The breach alleged in the first count is thus stated: "And the said plaintiff further says, that neither the said Jack T. Griffin, (nor Elizabeth, his wife,) at the time of sealing and delivery of said deed, nor at any other time, had full power, right or authority in law to grant, bargain, sell and convey the premises in said deed specified, nor any part thereof, to the said plaintiff, but on the contrary the lawful freehold and title of the same at the time of the sealing and delivery of said deed was in other persons than the said Jack T. Griffin or the said Elizabeth, his wife: By reason whereof the said plaintiff cannot possess, hold, or enjoy the said premises or any part thereof, and so the said plaintiff says the said defendant has not kept his covenants," &c. To this count, as well as to the second, there was a demurrer, which was overruled by the court. It is now insisted that the allegations of the declaration do not show a breach of either covenant. The act of 1803, respecting conveyances, creates a covenant by the use of the words *grant, bargain and sell*, but this covenant extends to acts done by the grantor or his heirs only. They do not import a covenant of seisin, nor a general covenant against incumbrances, nor for quiet enjoyment. In the case of Roebuck v. Dupuy, 2 Ala. 535, the act refered to was thus construed, and it was determined that the covenant created by the words was limited to

the acts of the grantor and his heirs, but extended no farther. In the case of Gee v. Pharr, 5 Ala. 586, the court approved of this construction, and we will now merely add that we consider it the settled law. Applying this principle to the declaration before us, it is evident that the allegations do not show a breach of the covenant created by the words grant, bargain and sell; for although the defendant might not have had the title to the lands at the time he executed his deed, and the title may have then been in another who still holds it, yet it does not follow that he (whoever he may be) acquired the title to the premises by the act of the grantor. To show a breach of this covenant it must appear that the title has failed from the acts of the grantor. If this be not shown, the covenant is not shown to be broken, although the grantee may have been evicted; for *non constat* he may have been evicted on a title which was not created by the act of the grantor nor derived from him.

It is also equally clear that the covenant of warranty is not shown to be broken. When the action is founded on this covenant, it is necessary to allege that the party was evicted, or that he yielded up the possession to a paramount title. So long as he retains the possession under the deed, the covenant is not broken, consequently he must show by his declaration that he has lost the possession either by being evicted, or that he has yielded possession to a better title.—Kerr & Shaw v. Shaw, 13 John. 236; 5 John. 120; 3 ib. 471; Roebuck v. Dupuy, 7 Ala. 485; 4 Mass. 349; 8 Pick. 347; 5 Cowen, 497.

The first count does not show a breach of either covenant; and the demurrer was therefore improperly overruled. We do not deem it necessary to examine critically the second count, for if it were admitted that this count shows an eviction, still it would not aid the plaintiff, for the third and fourth pleas of the defendant deny the eviction and show that the plaintiff still held the possession. To these pleas the plaintiff demurred, and the court sustained the demurrer. In no point of view can it be said that this count shows a breach of any other covenant than the covenant of warranty; and it is essential to the cause of action on this covenant to show that the plaintiff has lost the possession in consequence of a paramount title, and therefore a plea that denies this, and shows that the plaintiff is still possessed of the land, is a good bar. The court therefore erred in sustain-

ing the demurrer to those pleas. It is unnecessary to examine any other question raised by the record, for the view we have here taken will probably be sufficient to guide the court below in its subsequent action in this case.

Let the judgment be reversed and the cause remanded.