# Heflin *v.* Phillips.

*Action on Note under Seal, by Payee against Maker.*

| | |
|---|---|
| 96 | 561 |
| 125 | 537 |
| 96 | 561 |
| 141 | 400 |

1. *Operation of deed; statutory covenants.*—Under the statute (Code, § 1839), the words "grant, bargain, sell" in conveyances of estates in fee do not import an absolute or general covenant of seizin against incumbrances and for quiet enjoyment, but they amount to a covenant only against acts done or suffered by the grantor and his heirs; and, therefore, an averment merely that the grantor, at the time the deed was executed, had neither title to nor possession of the land the deed purports to convey does not show a breach of the warranty created by the use of said words in the deed.

APPEAL from the Circuit Court of Randolph.

Tried before the Hon. JAMES R. DOWDELL.

This was an action by Zachariah T. Phillips against Wilson L. Heflin and others on a note under seal executed by the defendants on January 27, 1888, and payable to the plaintiff on January 21, 1889. The opinion describes the pleas. The plaintiff demurred to each of the pleas, on the following ground: "The plea fails to state that the lands therein described, and said to have been purchased by defendant from plaintiff, have been incumbered by plaintiff, or suffered to be incumbered by plaintiff." The court sustained the demurrers, and, the defendants declining to plead further, judgment was rendered for the plaintiff. Defendants appeal.

N. D. DENSON, for appellants.

KELLY & SMITH, *contra*.

THORINGTON, J.—The statute of 1803 provided that the words "grant, bargain, sell," when used in deeds whereby any estate of inheritance, in fee simple, is limited to the grantee or his heirs, should be adjudged an express covenant to the grantee, his heirs and assigns, that the grantor was seized of an indefeasible estate in fee simple, free from incumbrances, done or suffered from the grantor, as also for

[Heflin v. Phillips.]

quiet enjoyment against the grantor, his heirs and assigns, unless limited in express words contained in such deeds.

In construing this statute this court declared that the words "grant, bargain, sell" do not import an absolute or general covenant of seizin against incumbrances and for quiet enjoyment, but that they amount to a covenant only against acts done or suffered by the grantor and his heirs. The language employed by the court on this question is as follows: "We think the most natural interpretation, and the only one that consists with the established rules of construction, requires that the grantor should be held to covenant, that the estate undertaken to be conveyed was indefeasible as to any act of himself. The opposite conclusion can only be attained upon the hypothesis that the second clause of the section provides for two distinct covenants, viz: 1. That the grantor stipulates with the grantee, as against all the world, that he is seized of an indefeasible estate in fee simple; 2. That he is seized of such an estate freed from incumbrances done or suffered by himself. If this were well founded, the second covenant would be wholly inoperative, as it would be embraced by the first, which is much more extensive. But this clause must be regarded as a unit, the latter words limiting and controlling those which precede them. . . . . . . Again, the third clause serves further to show that the second must be restricted in the manner we have stated. It is limited in its objects in covenanting 'for quiet enjoyment against the grantor, his heirs and assigns.' Why thus restrict the covenant for quiet enjoyment, if it was intended by the first part of the second clause to make the words 'grant, bargain, sell' import a general warranty? It would destroy the harmony of the section; but all its parts operate together upon the construction we have given it."—*Roebuck v. Dupuy*, 2 Ala. 535. This interpretation of the statute was re-affirmed by repeated decisions of this court, and, among others, by *Griffin v. Reynolds*, 17 Ala. 198, in which Chief Justice DARGAN, speaking for the court, says: "The act of 1803, respecting conveyances, creates a covenant by the use of the words grant, bargain and sell, but this covenant extends to acts done by the grantor or his heirs only. They do not import a covenant of seizin nor a general covenant against incumbrances, nor for quiet enjoyment." There have been substantial re-enactments of this statute after it had received such known, fixed, judicial construction, thereby giving to such construction the sanction and authority of legislative adoption. Code, 1886, § 1839; 3 Brick. Dig. p. 749, § 16.

[Heflin v. Phillips.]

The only question reserved in this case arises from the action of the trial court in sustaining a demurrer to the two special pleas filed by the appellant. The suit is brought to recover a balance due on the purchase-money for land. The pleas set out in different forms the warranty in the deed implied from the use therein of the words "grant, bargain and sell," and aver a breach of such warranty, in that the grantor, at the time of the sale, had neither title to nor possession of part of the land the deed purports to convey; and the pleas seek to set-off the damages accruing from such breach against plaintiff's demand. There is no averment of misrepresentation or fraud on the part of the vendor, or that the party in whom the outstanding title resides acquired it from the plaintiff, or that the title has failed or is defective in any wise by the act of the grantor. The pleas, therefore, fail to show a breach of the statutory warranty contained in the deed, as that warranty has been fixed by both judicial and legislative construction.—*Parker v. Parker*, 93 Ala. 80, and authorities there cited. And this construction has so long remained an established rule of property, we would have no disposition to disturb it even if we approved the reasons urged by counsel against its correctness. The demurrer reached the defect in the pleas, above pointed out, and was properly sustained.

It may subserve a useful purpose for us to remark, here, that neither the act of 1803, nor any re-enactment thereof, has ever given to the word "convey" the effect of a warranty, and its use in some one or more of the decisions of this court as one of the words designated in the statute as importing a warranty is mere inadvertence, and is not to be regarded as an authoritative declaration on that subject. Indeed, if the question were raised, this court would doubtless feel bound to hold that the word "convey," when used in a deed, does not have the effect under the statute of creating a warranty.—*Parker v. Parker, supra.*

Nothing in what we have said is opposed to the general doctrine laid down in the text books that an unqualified covenant of seizin is broken as soon as made if the covenantor had no title to the estate granted, and that an unqualified covenant against incumbrances is broken by the existence, at the time of its execution, of an outstanding incumbrance.—2 Devlin on Deeds, § 889; *Moore v. Johnson*, 87 Ala. 220; *Anderson v. Knox*, 24 Ala. — . The difference is between a covenant against incumbrances and defects of title generally and covenants against defects or incumbrances created or suffered by the grantor or his heirs.

[Cunyus v. Guenther.]

We will say further in regard to the pleas that neither of them shows that the defendant has been evicted, or that he has yielded up the possession to a paramount title. The demurrer does not raise this question, but we notice it in order to avoid being understood as regarding the pleas good in all respects except as to the specific defect above declared. It is well settled by the decisions of this court that when a purchaser has gone into possession under a deed with covenants of warranty, and remains in possession, he can not defend against an action for the purchase-money either at law or in equity on account of a defect in the title, unless there was fraud in the sale, or the vendor is insolvent and unable to respond in damages.—*Franke & Muth v. Riggs*, 93 Ala. 252; *Strong & Wife v. Waddell*, 56 Ala. 471; *Magee v. McMillan*, 30 Ala. 420.

There was no error in the rulings of the Circuit Court on the demurrers to the pleas, and its judgment is accordingly affirmed.

Affirmed.