# Oliver *et al. v.* Bush.

*Action to recover Damages for Breach of Covenant of Warranty.*

1. *Action for breach of covenant of warranty; not maintainable unless there has been actual or constructive eviction.*—A grantee in a deed containing a covenant to warrant and defend the title to the premises conveyed, can not maintain an action for the breach of such covenant, while still in the enjoyment and possession of the premises, when there has been no eviction and no disturbance of his enjoyment and possession under said covenant; and this is true although there was an entire want of title in the grantor or a less title than a fee which was purported to be conveyed.

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. JOHN PELHAM.

This action was brought by the appellants against T. G. Bush to recover damages for the breach of a covenant of warranty.

The complaint as amended contained three counts. In the first count the plaintiffs claimed both for the breach of warranty and for the breach of the statutory covenant of seizin. In the second and third counts the plaintiffs claimed under a breach of warranty of title as expressed in a deed. The covenant alleged to have been broken and the facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

The defendant interposed demurrers to each of the counts of the amended complaint, upon the ground that it appears that the plaintiffs were still in possession of the lands purchased and there was no averment to show

that they had been disturbed or dispossessed of said lands. The demurrer to the first count was overruled and the demurrers to the second and third were sustained. The cause was then tried upon the plea of the general issue. Upon the trial of the cause, upon the plaintiffs offering to introduce in evidence the deed which contained the covenant of warranty alleged to have been broken, the defendant objected to the introduction of said deed, upon the ground "that it was irrelevant to the issues in the case, and that it did not contain either an express or an implied covenant of seizin or a covenant of seizin in law, and because it was not such a deed as was described in the complaint." The court sustained this objection, and to this ruling the plaintiffs duly excepted.

There were verdict and judgment for the defendant. The plaintiffs appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

OTTMAN & BROCKWAY, S. C. M. AMASON and S. D. G. BROTHERS, for appellant.—The plaintiffs in this action were entitled to a judgment. There had been a breach of covenant of warranty contained in the deed conveying the property in question to them.—8 Am & Eng. Encyc of Law, p. 106; *Thomas v. St. Paul's M. E. Church,* 86 Ala. 138; *Copeland v. McAdory,* 100 Ala. 553, 559; *Sayre v. Sheffield Land, Iron & Coal Co.,* 106 Ala. 440; *Fields v. Clayton,* 117 Ala. 538, 541.

J. J. WILLETT, *contra.*—The plaintiffs are grantees in the deed in this case, while still in the enjoyment and possession of the premises conveyed, cannot maintain the present action for the breach of covenant of warranty.—8 Am. & Eng. Encyc. of Law, (2d ed.), pp. 97, 98, 99, 100, 133, 224; *Copeland v. McAdory,* 100 Ala. 559; *Thomas v. St. Paul's M. E. Church,* 88 Ala. 144; *Caldwell v. Kirkpatrick,* 6 Ala. 60; *Griffin v. Reynolds,* 17 Ala. 198; *Sayre v. Sheffield L. I. & C. Co.,* 106 Ala. 445; Tiedeman on Real Property (Enlarged ed.), § 855; 1 Devlin on Deeds, §§ 931 and 932; 2 Waits, Actions and Defenses, 99, 388-9.

McCLELLAN, C. J.—T. G. Bush and others sold and conveyed a tract of land to R. P. and W. S. Oliver and their heirs and assigns forever. The deed contained the following covenant: "And the said parties of the first part, for themselves and their heirs, the above described and hereby granted and released premises and every part and parcel thereof, with the hereditamentts and appurtenances unto the said parties of the second part, their heirs and assigns, against the said parties of the first part and . . . . . . heirs, and against all and every person and persons whomsoever lawfully claiming or to claim the same, shall and will warrant, and by these presents forever defend." According to the averments of the complaint, it transpired that the grantors in this deed did not have a fee in said lands, but only an estate for the lives of two third persons. The grantees went into possession of the lands and have so remained. They now bring this action against said Bush for a breach of said covenant warranting title. The trial court ruled against their right of action on the ground that the plaintiffs were still in the enjoyment and possession of the land conveyed not having suffered any actual or constructive eviction. The necessity for eviction, actual or constructive, as a condition precedent to a right of recovery for a breach of the covenant is not questioned, but fully recognized by the appellants; but their contention is that an outstanding, paramount title in remainder is a constructive eviction which will perfect the right of action in grantees to whom the fee has been in terms conveyed and warranted. The position is untenable. There is on these facts no eviction, actual or constructive. To be eviction at all, actual or constructive, there must be a disturbance of the covenantee's possession and enjoyment under the covenant. If there is at the time of the conveyance paramount outstanding title and possession under it, and in consequence the grantee does not enter into possession, this is a constructive eviction, though he has never been ousted and there has been, and could be in the nature of things, no technical eviction. If the grantee goes into possession and is forced by the hostile and impending assertion of paramount right to buy in

the oustanding title or to take a lease under it in order to protect his possession, this is a constructive eviction, though he has in point of fact not been dispossessed at all. And there are divers other categories of fact upon which a constructive eviction may be affirmed, though there has been no actual ouster; but they all involve a disturbance of the grantee's enjoyment and possession under the covenant, and where there has been no such disturbance, no sort of infirmity of the title intended to be and nominally passed by the deed, whether it be the entire want of title in the grantor or a less title than the fee purported to be conveyed, as, for instance, a life estate only, or what not, the covenantee cannot maintain an action counting upon the breach of this covenant. It is in substance and effect the same as a covenant for possession and quiet enjoyment, and it is not broken so long as such possession and enjoyment is not interfered with.—8 Am. & Eng. Encyc. of Law, pp. 97 *et. seq.; Thomas v. St. Paul's Church,* 86 Ala. 138, 144; *Anderson v. Knox,* 20 Ala. 156; *Caldwell v. Kirkpatrick,* 6 Ala. 60; *Griffin v. Reynolds,* 17 Ala. 198; *Copeland v. McAdory,* 100 Ala. 553; *Davenport v. Bartlett,* 9 Ala. 177; *Dupuy v. Roebuck,* 7 Ala. 488; *Wilder v. Ireland,* 53 N. C. 87.

Conceding without deciding that by force of the statute (Code, § 1035), the deed to plaintiffs is to be held to contain a covenant of seizin resulting from the use of the words, "grant," "bargain," "sell," "or either of them," they are in no better plight. In the first place, the outstanding title in remainder is not covenanted against, since its creation was not the act nor its existence the sufferance of the grantors or their heirs.— *Heflin v. Phillips,* 96 Ala. 561. In the next place, no count of the complaint goes solely upon a breach of the covenant of seizin; but, to the contrary, the second and third counts are solely upon the warranty of title expressed in the deed, and the first count is upon both this warranty and the supposed statutory covenant of seizin, jointly. Of course, under this count, there could be no recovery unless a breach of both and each of these covenants be shown.

Let the judgment of the circuit court be affirmed.