# Hood & Wheeler *v.* Clark.

*Action to Recover Damages on Alleged Breach of Covenant.*

1. *Operation of deed; statutory covenant.*—Under the statute, the words "grant, bargain and sell" import a covenant only against incumbrances done or suffered by the grantor and not against incumbrances generally.

2. *Liability of mortgagee to pay taxes.*—A mortgagee is not, by reason of his mere relation to or interest in the mortgaged property liable to pay taxes thereon.

3. *Same; case at bar.*—The assignee of a mortgage, containing the provision that the mortgagee, in case of non-payment of taxes, "may, at their option, pay off and satisfy same" is merely authorized and not required, to pay such taxes; hence the purchaser of the property mortgaged, at a foreclosure sale under said mortgage, who pays delinquent taxes thereon, has no action against such mortgagee for such taxes by reason of the recital in the deed to such purchaser of the words, "grant, bargain and sell" and that the mortgagee conveys such property "as fully in all respects as he is thereunto authorized."

APPEAL from the Circuit Court of Jefferson.

Heard before the Hon. A. A. COLEMAN.

This is an action brought by the appellants against the appellee to recover damages for the alleged breach of covenant against incumbrances, averred to have been contained in a deed or deeds made by appellee to appellants. The complaint contained the common counts "for money paid by the plaintiffs for defendant at his request," and "account stated," and "for money received by the defendant to the use of the plaintiffs." Complaint contained, also, two special counts, alleging breach of covenant, in that defendant "did covenant with plaintiffs that the said premises were free from all incumbrances done or suffered by the grantor," when, in fact, the State, county and municipal taxes of the

city of Birmingham thereon for the year 1901 were delinquent, which taxes plaintiff was obliged to pay. The facts in the case are as follows: T. L. McGowan who was on October 8, 1900, the owner of the property mentioned in plaintiff's complaint, on that day executed and delivered a mortgage on said property, which mortgage on May 1, 1901, became the property of defendant by assignment. The mortgage by McGowan contained the following recital: "And in the case of any dafault in the payment of taxes and assessments, at any time the same become delinquent, the said The Provident Life and Trust Company of Philadelphia (defendant's assignor) its successors and assigns, may, at their option, pay off and satisfy the same." On June 11, 1901, defendant foreclosed said mortgage, under the power therein contained, and made to the plaintiffs, the purchasers at the mortgage sale, a deed dated June 11, 1901, and acknowledged June 12, 1901, and containing the following clause. "Now, therefore, in consideration of the premises, and of the said sum of thirty-six thousand and four hundred dollars ($36,400) to the party of the first part in hand paid by the parties of the second part, the receipt whereof is hereby acknowledged, and under and in pursuance of the power contained in said mortgage, the party of the first part hereby grants, bargains, sells and conveys unto the parties of the second part, and unto their heirs and assigns forever, as fully in all respects as by said mortgage he is hereunto authorized, the following described real estate," describing the property mortgaged by McGowan. The amount said property brought at said foreclosure sale was more than enough to fully pay the amount due plaintiff, and said surplus was, before the commencement of this suit, partly paid by defendant to mortgagor and the remainder accounted for to him. On July 6, 1901, defendant executed another deed to plaintiffs, containing the usual quit claim recitals. On June 5, 1901, the property was assessed to Owner Unknown for State and county taxes for the year 1901, and on March 11, 1902, after said surplus was paid and accounted for, the plaintiffs, being in possession of the property and claiming same, de-

manded of defendant that he pay said taxes, which he refused to do. After this plaintiff paid said taxes amounting to $191.38. At the time of the assignment of the mortgage to defendant, the taxes of the city of Birmingham upon said property were assessed against McGowan, which city taxes, amounting to $124.50, were paid by plaintiff, after demand had been made upon defendant to pay them, and he had refused so to do.

Issue was joined upon plea of the general issue. The case was tried by the court without the intervention of a jury, and judgment rendered in favor of the defendant. From this judgment plaintiff appeals, and assigns the rendition thereof as error.

M. F. CAHALAN and ROBERT N. BELL, for appellants. The mortgage to defendant recited that the premises were free from all incumbrance and gave him authority to pay all taxes, etc., and to sell and make title to the purchaser. The recital in the foreclosure deed that defendant granted, bargained, sold and conveyed said property as fully and in all respects as by said mortgage he is hereunto authorized, constituted a warranty, that the taxes were or would be paid by defendant. Defendant was estopped from denying statements of mortgage. Defendant covenanted that he was conveying to plaintiff a title as free from incumbrance as it was within his power to convey. The words grant, bargain, sell and convey create a statutory warranty that they are free from incumbrance, unless it appear from the deed that warranty was not intended.

It was defendant's duty to retain the surplus or apply it to incumbrances.—26 Am. & Eng. Ency. Law, 60; *Fielder v. Vann*, 45 Ala. 429; *Hayes v. Woods*, 72 Ala. 92.

WALKER, TILLMAN, CAMPBELL & WALKER, *contra.* The taxes were incumbrances upon the land before appellee had made his deed; it is not shown that he was under any legal or moral obligation at any time to pay these taxes. Warranty created by Section 1035 of the Code is qualified as to incumbrances and limited to a

covenant that the land is free from incumbrances "done or suffered by the grantor."—*Heflin v. Phillips,* 96 Ala. 561.

It clearly appears from the deed that it was intended merely as a foreclosure deed.

SHARPE, J.—The only warranty contained in the deed made by defendant to plaintiffs pursuant to the foreclosure sale is that which the statute (Code) attaches to the words "grants, bargains and sells" appearing in the deed. Under the uniform construction given that statute those words import a covenant only against incumbrances done or suffered by the grantor and not against incumbrances generally.—*Heflin v. Phillips,* 96 Ala. 561; *Parker v. Parker,* 93 Ala. 80; *Roebuck v. Duprey,* 2 Ala. 535; *Griffin v. Reynolds,* 17 Ala. 198.

A mortgagee is not by reason of his mere relation to or interest in the mortgaged property under any legal duty to pay taxes on the same.—Cooley on Taxation, 812. The stipulation respecting taxes contained in the mortgage purported not to require but only to authorize the holder of the mortgage to pay delinquent taxes on the property. The tax lien discharged by plaintiffs from the property they purchased was not of defendant's creation nor did it exist through any fault of defendant, therefore even if the words "grants, bargains and sells" be deemed to import a personal covenant having effect as a statutory warranty, yet the existence of the tax did not constitute a breach of the warranty. The payment of taxes by plaintiffs not having been induced by defendant or made in discharge of any obligation resting on him, cannot be recovered for under the common counts of the complaint.

Judgment affirmed.