# Allinder *v.* Bessemer C. I. & L. Co.

## *Fraud and Deceit.*

(Decided June 10, 1909.    Rehearing denied Dec. 16, 1909.—51 South. 234.)

1. *Fraud and Deceit; Mistake of Vendor in Pointing Out Boundaries.*—Where plaintiff purchased of defendant certain lots as shown on defendant's map as being bound by certain streets which had not then been opened, and neither the streets nor the lots could be located except by defendant's map, that part of the town not having then been platted, and after the sale, but before deed had been executed to the defendant, one of defendant's agents attempted to point out the location of the streets and lots, and the boundary line between them, and thereafter plaintiff built a house and sunk a well thinking that it was on a line between the lots purchased, and afterwards the streets were relocated by the city so as to place a part of the improvement a few feet in the street and to place the well wholly on one lot, the deed to plaintiff having properly described the lands sold, the act of the agent in pointing out the boundaries of the lot and the location of the street was a gratuitous act not connected with the contract of sale and consequently afforded no basis for an action of deceit, there being no other evidence of fraud.

2. *Covenant; Damage for Breach; Measure.*—Where a covenant of warranty is breached causing an entire failure of title, the vendee can recover no more than the purchase price with interest.

3. *Municipal Corporation; Fixing Streets; Changing Boundaries.*—A municipality cannot arbitrarily fix the boundaries of a street dedicated to the public except by a method authorized by law for acquiring or locating streets.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by Mrs. D. J. Allinder against the Bessemer Coal, Iron & Land Company for fraud and deceit. Judgment for defendant and plaintiff appeals. Affirmed.

ESTES, JONES & WELCH, for appellant.—The representations made in this case are actionable whether made with falsity or not, where the vendee is misled to his prejudice and injury.—*Monroe v. Pritchett,* 16 Ala.

785; *Gibson v. Marquis,* 29 Ala. 670; *Blackmon v. Johnson,* 35 Ala. 252; *Kelly's Heirs v. Allen,* 34 Ala. 670; *Foster v. Kennedy,* 38 Ala. 363; 1. L. R. A. 174; 68 Am. Dec. 276.

PERCY & BENNERS, for appellee.—There was no right of action shown by the evidence in this case.—*Ry. Co. v. Matthews,* 77 Ala. 357; *Bir. W. & E. Co. v. Elyton L. Co.,* 93 Ala. 549; *Joseph v. Decatur L. Co.,* 102 Ala. 346; 14 A. & E. Ency. of Law, 47-9.

MAYFIELD, J.—This is a novel, if not an anomalous, action. Appellant purchased two vacant lots from appellee, for which she paid $450. These lots were shown or designated only by appellee's map and plat of the town of Bessemer. They could be located only by means of this map and plat. The streets and avenues designated in the map as bounding the lots had not, at the time of sale, been opened or improved; in fact, it appears that there were no monuments or boundaries locating the streets or alleys, nor any monuments or boundary lines of the lots whatever at the time of the sale. They were in the woods, as it were—a mile or more from the center of the town of Bessemer—with very little to locate the streets or lots, except the map or plat of the vendor.

It seems that this vendor originally owned part of the town site of Bessemer, and that it laid off all or a part of the town into streets, avenues, alleys, blocks, lots, etc., and sold off the lots to various purchasers they be-, ing described according to its maps and plats. At the time of the sale in question a part of the city had been built up, and the streets and alleys permanently located, graded, and improved, the streets and houses thus constituting monuments and boundaries; and with

many of these as bases, streets were extended, or located, in accordance with the company's original map and survey.

Plaintiff built on her vacant lots before the streets were improved or the dedication was accepted by the city. She seems to have been a pioneer in that part of the Marvel City. After she had purchased the lots, but before her deed was made, an agent of the land company undertook to locate the streets which bounded them, and also to locate the two lots and the boundary line between the two. Plaintiff then constructed her improvements—houses, a store, a well, etc.—on these lots, locating them according to her own pleasure and wishes, unmolested and unrestrained by the city, vendor, or any one else. Some time thereafter the streets were again located or relocated, and it happened by this last location a small part of plaintiff's improvements were in the streets, extending a few feet into one, and only a few inches into the other, and that the well she had dug, thinking it was on the dividing line between her two lots, was by the last location found to be wholly on one of the lots instead.

She now brings this, her action to recover of her vendor $3,000 damages for pointing out to her the wrong boundary lines of the streets and of the lots she purchased from it. How this or any other action can be maintained, under the undisputed facts in this case, we are at a loss to know. It is not a breach of covenant or of warranty, because the maximum recovery or liability in these cases would be the purchase price, $450, with interest, if there was an entire failure of title to the whole. It is not claimed that plaintiff did not get a good and perfect title to every inch of the land conveyed, and the conveyance accurately describes it. The only trouble was that there

were no visible boundary lines of the streets or lots at the time the sale was made. No one knew the location of the true boundary lines, nor did any profess to know otherwise than was shown by a map and plat, from which they could be located by a survey.

Plaintiff did not require a location or actual survey before she purchased, but purchased from the location made by the map alone. After the purchase, but before the execution of a deed, an agent of the defendant did undertake to locate the lines, which plaintiff seems to have accepted and acted upon. But she says this first location or survey made for her of the lots does not correspond with the second or last location, and that, therefore, her vendor must pay her $3,000 damages for the mistake of its agents in locating the boundary lines of her lots. There is no claim that the deed does not accurately describe the lands sold. There was no attempt to actually locate the lots and to point out the boundaries until after the sale. Hence there can be no liability whatever as to the mistake in locating the boundary lines as against the vendor. The location was not made a part of the sale or contract to convey. It was purely gratuitous, and was not binding on either party. The purchaser need not have relied upon it, unless she desired so to do.

We are now speaking of the location upon the theory that the first was wrong and the last right; but there is nothing in the record to show that the last or final location is any more correct or accurate than the first. It is just as liable to be erroneous as the first, or even more so. Because this last location was made by the city adds no verity to it. If the city has a title or right to the street, it clearly appears that it was acquired alone by the vendor's dedication, accomplished by the mapping and platting of the land which it owned and the

selling of lots as bounded by the streets. The city, at most, can only accept the street as it was dedicated. It cannot fix arbitrarily the boundaries thereof. For aught that appears from the record, the first survey and location is the correct line, and not the last one, made by the city or other third party. This last survey is not shown to be binding on the vendor or vendee. True, the city can change the lines of public streets, but it can only do so by due process of law; it being by the statute and the provisions of the Constitution required to make just compensation for property taken.—Const. 1901, § 235.

It does not appear at all that there has ever been a judicial determination of the true boundary lines of the streets bounding plaintiff's lots. ' Until that is done, certainly this action nor one like it will lie. The true boundary lines could not be determined in this action, had there been an attempt so to have them. The plaintiff seems to assume that the lines claimed by the city are the true ones. This does not follow at all. It is not even made to appear that the city, or any one else, has a right to complain of plaintiff's encroachment on the streets, if any such there be. The plaintiff herself seems to be unnecessarily complaining. She seems to want to relocate her improvements in accordance with the last survey, and to make her vendor pay her $3,000 for her privilege of so removing them. If that could be done, as soon as she is again located, the city, or some other party, might again relocate the streets, and she might again desire to relocate. She and the city together, by this means, could bankrupt the vendor.

It is claimed by the appellant that this is an action of deceit; but there is no evidence whatever to support it—not the semblance of it. At most it was an honest mistake in pointing out the boundary lines of the lots.

There is not a particle of evidence to show any motive, intention, or desire to deceive the plaintiff; or to show that she was deceived in the purchase or sale, by the defendant or any other person. After the purchase there may have been a mistake in pointing out to her or to her agent the boundaries of her lots, and she or her agent probably made a mistake in the location of the improvements on same; but this is not made at all certain or conclusive.

It therefore conclusively follows that the judgment rendered was, under any phase of the evidence, the only one that could or should have been rendered in this cause. There being no error therein, the judgment of the lower court is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.