ADAMS, Justice.
The defendants, Dan Pittman and Karen Pittman Sifton, appeal from a $17,250 judgment based on a jury verdict in favor of William T. Finlayson on Finlayson’s claim that the defendants breached the warranty of title with regard to land Finlayson had purchased from them. The sole issue in this appeal is whether the jury used an appropriate measure of damages.
In 1980, Dan and Karen Pittman, who at that time were husband and wife, purchased a tract of unsurveyed land along the Alabama River. At that time, the Pittmans thought they were purchasing 22.5 acres. Three times over the next few years, the Pittmans sold a portion of their land to Ken Gillette and Ken Kreuzburg. The first sale involved approximately 4 acres at a price of $4,000; the second sale involved approximately 1 acre for $1,000; and the third sale involved approximately 2 acres for $1,600. The land was not surveyed at the time of the sales and, according to the parties, only one deed was drawn up. That deed, drawn up after the third sale, simply stated that the purchasers were receiving “7 acres more or less.” Pursuant to their divorce judgment, the Pittmans sold the remaining portion of their land to the Finlaysons. The Finlayson deed purported to convey the 22.5 acres less the 7 acres sold to Gillette and Kreuzburg.
There is a factual dispute as to whether the Finlaysons were told that the property *1052 had been surveyed. The Finlaysons contend that they were told that the property had been surveyed and that they understood that for $24,000 they were receiving 15.5 acres plus a house that was under construction. The Pittmans argued at trial that the Finlay-sons were told that no survey was being done on the property but that they could have one done themselves if they so desired. The deed to the Finlaysons also stated that they were receiving 15.5 acres “more or less.”
Following a dispute with Gillette and Kreuzburg and after their purchase, the Fin-laysons had their property surveyed. The surveyor determined that, in actuality, the Finlaysons had received only 11.77 acres. The Finlaysons then sued the Pittmans and their realtor, Nelva Roop and R & R Realty, seeking damages for fraud and damages from the Pittmans for breach of warranty of title. The jury returned a verdict for the Pittmans on the fraud count and against R & R Realty and Nelva Roop on the fraud count. The trial judge granted R & R Realty and Roop a judgment notwithstanding the verdict. The jury also returned a $17,250 verdict against the Pittmans on the Finlaysons’ breach of warranty claim. On appeal, the Pittmans argue that the evidence was insufficient to support an award equal to approximately 72% of the purchase price for a deficiency in quantity of approximately 24%.
The Pittmans argue that there was evidence at trial that Gillette and Kruezburg purchased some land from them at $1000 per acre and some land for as low as $800 per acre. In addition, there was evidence that the Finlaysons originally thought they would be purchasing 17.5 acres for $25,000 and that when it was revealed to them that the acreage involved was supposed to be only 15.5 acres, the price was reduced to $24,000. The only other evidence of value was the testimony of the realtor, Nelva Roop, that, had the land been subdivided into one-acre parcels, it could have a value of $5000 per acre. The Pittmans contend that this statement should not be used as a basis for assessing damages, because at the time of the purchase the parties had not contemplated a subdivision of the land.
We agree. The plaintiff in a breach of warranty case is entitled only to compensatory damages for the harm resulting as a natural consequence of the breach; this would include interest, cost of litigation, and attorney fees. Allinder v. Bessemer Coal, Iron & Land Co., 164 Ala. 275, 51 So. 234 (1909); Chicago, Mobile Development Co. v. G.C. Coggin Co., 259 Ala. 152, 66 So.2d 151 (1953).
We conclude that the evidence does not support the $17,250 award. Therefore, the judgment is reversed and the case is remanded for an appropriate determination of damages for breach of warranty of title.
REVERSED AND REMANDED.
MADDOX, SHORES, STEAGALL, KENNEDY and INGRAM, JJ., concur.