(98 App. Div. 600)

CASSADA v. STABEL et ux.

(Supreme Court, Appellate Division, Third Department. November 16, 1904.)

1. DEED—COVENANT—PEACEABLE POSSESSION—STATUTE—CONSTRUCTION.

Under Real Property Law (Laws 1896, p. 594, c. 547) § 218, providing that in grants of freehold interests in real property a covenant that the grantee shall quietly enjoy the premises, or similar covenants, must be construed as meaning that the grantee shall and may at all times thereafter peaceably and quietly possess and enjoy the premises, with the appurtenances, without any molestation or disturbance of the grantor, a covenant in a deed for quiet and peaceable possession should be construed as having been completely written out as defined by the statute, and therefore as constituting a plain prospective agreement that the grantor would not molest or disturb the grantee.

2. SAME—BREACH.

Under the statute, where part of the consideration for the purchase of real estate is paid in cash, and the balance contracted to be paid in installments, with interest on the deferred payments, for which the grantor takes a mortgage on the premises, and delivers a deed to the grantee containing a covenant for quiet and peaceable possession, the act of the grantor in breaking into and entering the premises, ousting the grantee therefrom, and depriving him of the use and enjoyment thereof by selling the same and delivering possession thereof to others

before all of the installments are paid, but at a time when interest is due by the terms of the contract, constitutes a breach of the covenant.

**3. SAME—MORTGAGE—FORECLOSURE—DEFENSE.**

Such act of the grantor, being a breach of the covenant for quiet and peaceable possession, constitutes a defense to an action to foreclose the mortgage.

**4. SAME—COUNTERCLAIM.**

Such act of the grantor also entitled the grantee, in an action by the grantor to foreclose the mortgage, to recover on his counterclaim the amount paid by him to the grantor under the contract.

Appeal from Special Term, Chemung County.

Action by Miles T. Cassada against Ludwig Stabel and wife. From a judgment for defendants, plaintiff appeals. Affirmed.

On the 22d day of November, 1899, the plaintiff, in consideration of $500, sold and conveyed to the defendant Ludwig Stabel a house and lot, by a deed which included a covenant for quiet and peaceable possession. Said defendant paid $50 on account of said purchase price, and on the same day executed and delivered to the plaintiff a mortgage on said real property for $450 to secure to the plaintiff the balance of said purchase price, which mortgage was conditioned to pay $450 in yearly payments of $50 each, together with the interest. Said defendant entered into the possession of said real property, and thereafter paid the interest and $50 of principal which became due and payable November 22, 1900, and also the interest and $50 of principal which became due and payable November 22, 1901, as provided by the terms of the mortgage. On the 15th day of September, 1902, the defendant Ludwig Stabel went to live in an adjoining city; and on the 18th day of September his wife, the defendant Maggie Stabel, and the other members of his family, moved from the house on said real property to join the defendant Ludwig Stabel in said city. On September 17th the plaintiff asked for the keys of the house, and was told by the defendant's daughter that her father wanted to keep the place, and that he would not give up the keys. The house was securely fastened before the defendants left it, and the keys were taken away with them. There were two doors, one of which was locked, and the other door and the windows were nailed. There was nothing then due the plaintiff on said mortgage. After the defendants left the house the plaintiff procured a ladder, and entered the house from an upper window, and removed the lock from the front door, and placed a new lock thereon, with which he locked the house, and retained the key. Ludwig Stabel soon thereafter had an opportunity to rent the house, but did not do so, because he was unable to get into the house. Thereafter, and about March 9, 1902, the plaintiff entered into a contract with one Bowman, by which he agreed to sell and convey to the said Bowman the said house and lot in consideration of $500, to be paid as in said contract provided, and upon payment of which the plaintiff agreed to convey said real property to Bowman by a good and sufficient deed, free from incumbrances. Upon the execution and delivery of said contract the plaintiff delivered to said Bowman the possession of said real property, and he has ever since retained the possession thereof. On the 28th day of April thereafter this action was commenced to foreclose said mortgage by reason of the defendant's having failed and omitted to pay the sum of $50 of principal which became due and payable on the 22d day of November, 1902, and $21 interest which became due and payable on said day. The defendant Ludwig Stabel answered the plaintiff's complaint, alleging a breach of the plaintiff's said covenant of quiet and peaceable possession, by reason of the plaintiff's having evicted him from said real property, and also that by reason of such eviction there was a failure of consideration of said mortgage; and, as a counterclaim, said defendant sought to recover from the plaintiff the amount paid by him on account of the purchase price of said real property, with interest, and for certain permanent improvements made by him to said real property; and, with the answer, said defendant offered to deliver to the plaintiff a quitclaim deed of said real property, properly executed by the defendants to the plaintiff. On the trial said deed was pro-

duced and tendered to the plaintiff, and the same now remains in court, subject to the plaintiff's direction. The court found the facts substantially as above stated, including a finding as follows: "That on or about the said 15th day of October, 1902, the plaintiff broke and entered into the said premises, and ousted the defendants therefrom, and has since deprived them of the use and enjoyment thereof." As conclusions of law, the court found "that the entry by the plaintiff and his subsequent acts were of themselves equivalent to an actual eviction of the defendant by an action at law founded upon a title paramount to that which the plaintiff conveyed to the defendant Ludwig Stabel, and constituted a breach of the covenant for quiet and peaceable possession contained in the deed"; "that the eviction is a complete defense herein to any recovery upon the bond or mortgage mentioned and described in the complaint." The court also found that the defendant was entitled to recover of the plaintiff the amount of the principal paid by him on account of the purchase price of said premises. From the judgment entered upon the decision of the court, this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Taylor, Heller & O'Connor (David N. Heller, of counsel), for appellant.

G. W. Buck, for respondents.

CHASE, J. By section 218 of the real property law (chapter 547, p. 594, Laws 1896) it is provided:

"In grants of freehold interests in real property, the following or similar covenants must be construed as follows: (1) * * * (2) A covenant that the grantee 'shall quietly enjoy the said premises' must be construed as meaning that such grantee, his heirs, successors and assigns, shall and may at all times thereafter peaceably and quietly have, hold, use, occupy, possess and enjoy the said premises, and every part and parcel thereof, with the appurtenances, without any let, suit, trouble, molestation, eviction, or disturbance of the grantor, his heirs, successors or assigns, or any person or persons lawfully claiming or to claim the same."

A covenant for quiet enjoyment is a covenant in futuro, and, until breach, runs with the land. 8 Am. & Eng. Ency. of Law, 143. The main object of a covenant for quiet enjoyment is to protect the lessee from the lawful claims of third persons having a title paramount to the lessor; but such a covenant, when fully written out, provides also for the protection of the lessee against the unlawful entry of the lessor himself. Mayor, etc., v. Mabie, 13 N. Y. 151–156, 64 Am. Dec. 538. Such a covenant as defined by the statute quoted should be considered as fully written out. The covenant contained in the plaintiff's deed is a plain prospective agreement that the grantor (plaintiff) would not trouble, molest, evict, or disturb the grantee (defendant Ludwig Stabel).

In Sedgwick v. Hollenback, 7 Johns. 376, it was held that, in the case of a covenant for quiet enjoyment, an entry by the coveantor himself, tortiously and without title, is a breach. Kent, in his Commentaries, vol. 4, 473, says, "Any disturbance in the enjoyment of property contrary to the grant of the party creating the disturbance is a breach of covenant;" and he refers to Seddon v. Senate, 13 East's Rep. 62, in which it is said by Bayley, J.:

"A covenant is nothing more than an agreement, in construing which we have only to look to the fair meaning of the parties to it; and if the agreement were, in substance and effect, that the defendant would sell and assign

to the plaintiff the sole right of making and vending the medicine for his profit, and that the defendant would not interfere with him in making and vending it, that raises an implied covenant on the part of the defendant that he would not make and vend it; and, if he do afterwards make and vend it, it is a breach of that implied covenant. * * * The grant of a water course implies a covenant by the grantor not to disturb by any act of his own the grantee in the enjoyment of it, and therefore that a subsequent act of disturbance by the grantor, in stopping the water course, would give the grantee an action of covenant against him. And if one make a lease of a house and estovers, and afterwards cut down all the wood out of which the estovers were to be taken, the lessee shall have his remedy by action of covenant against him; it being a misfeasance in him to annul or avoid his own grant."

The covenant for quiet and peaceable possession goes to the possession only, and not to the title, and is broken only by actual entry and ouster or expulsion from or disturbance in the possession. Gerard's Titles to Real Estate (4th Ed.) 528.

In Waldron v. McCarty, 3 Johns. 471, the court say:

"In good sense, the covenant for quiet enjoyment has reference merely to the undisturbed possession, and not to the grantor's title."

In Picket v. Weaver, 5 Johns. 122, the court say:

"The covenant for quiet enjoyment goes to the possession, and not to the title. It appears to be a technical rule that nothing amounts to a breach of this covenant but an actual eviction or disturbance of the possession of the covenantee."

In 8 Am. & Eng. Ency. of Law, 103, it is said:

"But while the main object of a covenant for quiet enjoyment is to protect the grantee or lessee from the lawful claims of third persons having a title paramount to that of the covenantor, the covenant may be broken by a forcible entry or disturbance by the grantor or lessor, his heirs or executors. Where the acts done by the grantor amount to a claim of title by him, the covenant is broken. It is not, however, every mere trespass by the covenantor upon the premises that will constitute a breach of this covenant. To have that effect, the entry must amount to an assumption of title."

In 11 Cyclopedia of Law & Procedure, 1119, it is said:

"The covenant for quiet enjoyment extends to all acts of the covenantor, whether tortious or not, if committed under color of title."

The distinction between a mere trespass by the covenantor, and an entry upon the real property conveyed, to the exclusion of the grantee, is clearly recognized by the authorities and text-writers, and must be constantly borne in mind in determining the question as to whether a covenant for quiet and peaceable possession has been broken. Each case must be determined after a careful consideration of the facts upon which a breach of the covenant is claimed. When the covenantor, with an assertion of right and assumption of title, exclusively and permanently deprives the covenantee of the possession of the real property conveyed, there would seem to be a plain violation of the terms of the agreement or covenant. In this case the defendant Ludwig Stabel was deprived of the possession of the real property, and it was not necessary for him to resort to violence or an action at law to regain possession thereof. The plaintiff, having deprived the defendant Ludwig Stabel of the consideration for the mortgage, and having actually

sold the real property to another for full value, and put such sub-sequent purchaser into possession thereof, in entire disregard of the defendant Stabel and his rights, should not be allowed to recover in this action as if he had fully performed the covenants in his deed. Cowdrey v. Coit, 44 N. Y. 382, 4 Am. Rep. 690.

The plaintiff does not claim that he is entitled to be considered as a mortgagee in possession.

The findings are not against the weight of evidence, and we think the judgment should be affirmed, with costs. All concur.