### John Atler v. J. M. Erskine.

Decided May 6, 1908.

**1.—Deed—Covenant of Warranty.**

Ordinarily a covenant of warranty of title to land is only broken by an eviction or something equivalent thereto. The eviction may be constructive, as when the purchaser is unable to obtain possession by reason of the paramount title being in a third person, and in a suit for breach of the covenant it must be alleged and shown that such title existed before or at the time the grantor made the covenant.

**2.—Same—Breach by Warrantor—Quiet Enjoyment.**

The principle which requires the eviction of the vendee to be by one claiming under a superior title, to constitute a breach of the covenant for quiet enjoyment, is subject to the exception, among others, that the covenant extends to all acts of the warrantor himself, whether tortious or otherwise; therefore any act of the warrantor whereby the free and peaceable enjoyment by the grantee of the thing granted is prevented, is a breach of the covenant.

**3.—Same—Case Stated.**

A. conveyed a tract of land to E. by deed with covenant of special warranty; after the deed was delivered E. brought suit to rescind the contract on the ground that the deed contained only a special instead of a general warranty; this suit was decided against E.; pending the suit E. refused to take possession for fear it would prejudice his case, and A. remained in possession by his tenant; after the suit was decided E. demanded of A. possession of the premises, which A. refused to give. Held, that the act of A. in refusing to yield possession to E. was a breach of his covenant of warranty, and entitled E. to recover the purchase money with interest from the date of demand for possession.

Appeal from the 41st Judicial District, El Paso County. Tried below before Hon. J. M. Goggin.

*W. M. Stanton,* for appellant.

*F. G. Morris,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This is a suit by appellee against appellant for rescission of contract, or in the alternative to recover on an alleged breach of warranty the sum of $2,500, the estimated value of the half block of land conveyed by the latter by special warranty deed.

The defendant filed various exceptions to plaintiff's first amended original petition upon which the case was tried, a general denial, special pleas setting up damages in offset, and a plea in the nature of a cross-bill for damages.

By supplemental petition plaintiff excepted to the various special pleas of defendant, and such exceptions were sustained; and defendant's exceptions to plaintiff's petition were overruled.

The case was then tried before a jury and the court peremptorily instructed it to find against plaintiff on the count for rescission, and for him on the count for a breach of warranty; and it is from a verdict and judgment against defendant, on such instruction, for $2623 that he prosecutes this appeal.

The assignments of error are too numerous to be considered separately. They will, however, be grouped so as to enable us to consider the essential questions presented, which may be thus stated: (1) Whether plaintiff's petition was good against the exceptions urged; (2) Whether there was error in the admission or exclusion of evidence; (3) Whether the court erred in sustaining the exceptions to defendant's answer and in striking out his cross-bill; (4) Whether the evidence warranted the peremptory instruction.

The assignments from eighteen to twenty-seven relate to the first question.

That part of the petition which declares upon a breach of warranty contains appropriate allegations of the following facts, which were proved by the undisputed evidence: On June 11, 1906, the defendant executed to plaintiff his deed conveying him the west half of block 54, Campbell Addition of the city of El Paso. The consideration for the deed was $1000 cash, and a tract of land in California conveyed by plaintiff to defendant, which was estimated in the trade to be worth $1500. The clause of warranty in the deed from defendant to plaintiff is as follows: "And he" (the grantor) "does hereby bind himself, his heirs, executors and administrators, to warrant and forever defend all and singular the said premises unto the said J. M. Erskine, his heirs and assigns against every person whomsoever lawfully claiming or to claim the same, or any part thereof, under me or my title." This is the warranty declared on and alleged to have been breached by defendant. After the deed was delivered plaintiff sued defendant to rescind the contract upon the ground that the deed

contained only a special instead of a general warranty. Pending the suit plaintiff declined to take possession of the land because he feared it would prejudice him. Consequently the defendant, through a tenant, remained in possession. Upon that suit terminating adversely to him, plaintiff, on February 27, 1907, demanded possession of the property from defendant, and upon the demand being refused he instituted this suit.

Therefore the question to be determined may be stated thus: Did defendant's refusal to deliver possession upon the demand of plaintiff constitute a breach of his warranty such as to authorize plaintiff to recover from him the value of the consideration paid with interest from the date of the demand? The contention of the appellee is that the warranty is for quiet enjoyment. This is so within the limits of the special warranty, that is, it is a covenant of quiet enjoyment against defendant, his heirs and assignees and every person lawfully claiming or to claim the premises under him or his title, but it extends no further.

Ordinarily such a covenant is only broken by an eviction or something equivalent thereto. There is a breach whenever there is an involuntary loss of possession by reason of the hostile assertion of an irresistible title. The eviction may be constructive, as when the purchaser is unable to obtain possession by reason of the paramount title being in a third person. Flanagan v. Ward, 12 Texas, 209; Peck v. Hensley, 20 Texas, 674. The eviction must be alleged and shown to be by a paramount title existing before or at the time the defendant made his covenant; for the covenant of warranty relates solely to the title as it was at the time the conveyance was made, and only binds the grantor to protect the grantee and his assigns against a better title existing before or at the date of the grant. Suth. on Dam., sec. 604.

But the principle which requires the eviction or disturbance to be by one claiming under a superior title to constitute a breach of the covenant for quiet enjoyment, is subject to certain well settled exceptions, among which is that the covenant extends to all acts of the covenantor himself whether tortious or otherwise. Rawls on Covenants, sec. 128; Jones on Conveyances, sec. 893; Cassada v. Stabel, 90 N. Y. Supp., 533; Dexter v. Manley, 4 Cush., 14. As is said by Chief Justice Shaw in the case last cited: "Every grant of any right, interest or benefit carries with it an implied undertaking on the part of the grantor that the grant is intended to be beneficial; and that so far as he is concerned, he will do no act to interrupt the free and peaceable enjoyment of the thing granted." The interruption of plaintiff's peaceable enjoyment by the defendant's keeping him out of possession of the land he sold him, is just what defendant has done. This act of his, whether tortious or not, brings the case within the exception stated to the general rule and renders him liable for his breach of warranty. If he had any right to the property superior to that which he conveyed plaintiff, it was for him to plead and prove it as a defense. And his failure to do so entitled plaintiff to recover the value of the consideration paid for the land with interest from the date of his demand for possession, as was found by the jury under the instruction of the court.

We hardly need remark that the action of the court in directing the jury to find against the plaintiff on the count in his petition which sought a rescission of the contract, renders the question as to its action on defendant's exceptions to that part of the petition of no importance. We, therefore, overrule all the assignments which relate to the first question stated.

We have considered all the assignments relating to the other questions presented and find that none is well taken.

There is no error requiring a reversal of the judgment and it is affirmed.

*Affirmed.*

Writ of error refused.