RUSSELL, Judge.
This case involves a breach of warranty of title.
Garland Thompson (appellant) entered into a contract with Flack-Haney Timber Company (appellee) for the sale of standing timber on a thirty-nine acre tract of land allegedly owned by the appellant. A purchase price of $24,317 was paid to the appellant in advance of any harvesting operation by the appellee.
Pursuant to the contract, the appellant warranted that he possessed undisputed title to such timber and further warranted “to defend it against any and all claims for taxes, mortgages, and any other encumbrances.” Subsequently, the appellee began its cutting operation, but ceased when it was informed by an adjoining landowner of his claim of ownership of a portion of the land identified in the contract.
The appellee then gave notice of this fact to the appellant and demanded a partial refund of the purchase price. The appellant refused this demand. Following an action by the appellee for a return of that portion of the purchase price that represented the value of the timber standing on the approximately eight acres whose ownership was disputed, the trial court awarded it damages in the amount of $5,121.63. This appeal followed the trial court’s denial of the appellant’s post-trial motion. We affirm.
The appellant contends that the trial court erred in failing to determine which of the alleged owners actually held superior title to the disputed acreage prior to ordering a return of a portion of the purchase price. It is his contention that he possessed such title and that, therefore, there was no breach of warranty of title. He further asserts that the appellee was without standing to bring its original complaint.
Initially, we note that, where a trial court hears evidence presented ore tenus, its determination is presumed to be correct and will not be overturned absent a showing of plain and palpable error. Gulf Shores, Ltd. v. Powrzanos, 442 So.2d 71 (Ala.1983). Furthermore, a warranty of title and quiet enjoyment is broken only when there is an eviction by one holding paramount title. St. Paul Title Insurance Corp. v. Owen, 452 So.2d 482 (Ala.1984). Such eviction may be either actual or, as existed here, constructive. Id.
At trial, evidence was adduced that the adjoining landowner, Jimmie Fields, was, in fact, the true owner of the disputed property. There was testimony by a timber broker, Norm Kinney, that after reviewing the recorded deeds, he determined that title to the land was held by Mr. Fields. Furthermore, the Dale County revenue commissioner testified that taxes on the disputed land had been accurately assessed and paid by Mr. Fields since his purchase of the property in 1961.
Based on this testimony, we find that the trial court correctly concluded that the appellant had breached his warranty of title in that such title was clearly in dispute. As the trial court found, the appellant “covenanted with the [appellee] that he owned the undisputed title to the timber; had the right to convey the same and deliver peaceful possession of the timber to the [appellee].” This he did not do. Furthermore, we find that it would have been *347 inequitable to compel the appellee to cut the timber on the property at its peril, and, thus, the appellant’s argument that the ap-pellee had no standing to institute the action below is erroneous.
We also note that the appellant has suffered no true harm. Although he is obligated to return a portion of the purchase price of the timber, such timber has not yet been cut. Certainly he now has the opportunity to resolve the issue of title. If he is later determined to be the owner of the property, nothing would prohibit him from then entering into another contract for the sale of the timber found there.
Consequently, in light of our standard of review, we cannot disturb the trial court’s finding. This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.