569 So.2d 343 (1990)
CALLON INSTITUTIONAL ROYALTY INVESTORS I, a Mississippi Limited Partnership
v.
DAUPHIN ISLAND PROPERTY OWNERS ASSOCIATION, INC.
89-523.
Supreme Court of Alabama.
September 21, 1990.
Conrad P. Armbrecht and Coleman F. Meador of Armbrecht, Jackson, DeMouy, Crowe, Holmes & Reeves, Mobile, for appellant.
Barry Hess of Hess, Atchison & Horne, Mobile, for appellee.
KENNEDY, Justice.
Dauphin Island Property Owners Association, Inc. (the "Association"), filed a declaratory judgment action against Callon Institutional Royalty Investors I ("Callon"), a Mississippi limited partnership, to determine whether the Association or Callon owned disputed mineral royalty interests. Callon filed a counterclaim, seeking damages in the form of attorney fees and other litigation costs for the Association's alleged breach of its covenant of quiet enjoyment to Callon. The trial court entered summary judgment for Callon on the Association's action and determined that Callon had title to the mineral royalties; we affirmed that summary judgment in Dauphin Island Property Owners Association v. Callon Institutional Royalty Investors I, 519 So.2d 948 (Ala.1988). After that opinion, the trial court entered summary judgment for the Association on Callon's counterclaim, and Callon appeals.
In February 1981, the Association executed a royalty deed to Dan Dumont, which states that the Association "has granted, bargained, sold and conveyed and does by these presents grant, bargain, sell and convey unto grantee, his heirs and assigns, a royalty interest" in minerals on and under certain property in Mobile County. In March 1981, Dumont conveyed and assigned all his royalty interest to Callon. In July 1985, the Association filed its declaratory *344 judgment action, asserting that it held paramount title to the royalty interest.
In its deed to Dan Dumont, the Association conveyed its interest and title to the royalty to Dan Dumont, his heirs, and assigns, using the terms "grant," "bargain," and "sell." Under Ala.Code 1975, § 35-4-271, the terms "grant," "bargain," and "sell" in a deed give not only a warranty of good title but also a covenant for quiet enjoyment against acts of the grantor/covenantor, even if those warranties and covenants are not expressly specified in the deed. Ala.Code 1975, § 35-4-271; St. Paul Title Insurance Corp. v. Owen, 452 So.2d 482, 485 (Ala.1984). The covenants of good title and of quiet enjoyment run with the land when it is conveyed or assigned, "so that when they are broken, the heir or assignee injured by the breach can maintain an action against the covenantor." Owen, 452 So.2d at 485. "Because the covenants of quiet enjoyment and of warranty are virtually identical in operation, whatever constitutes a breach of one covenant is a breach of the other." Id. However, "[n]either covenant is breached until there is an eviction under paramount title." Id. The eviction can be actual or constructive. Id.
The Association argues that there was not an actual or constructive eviction and, alternatively, that even if we were to hold that there was an eviction, it was not an eviction under paramount title, and, consequently, Callon cannot, as a matter of law, maintain its action. The Association further argues that as a matter of law Callon cannot recover the damages it seeks.
Normally, in an action for breach of a covenant of quiet enjoyment, an attack on the covenantee's title is made by a third party to the covenantee/covenantor relationship. In this case, however, the attack to the title and the claim of superior title were not made by a third party but by the Association, which was both the grantor and the covenantor. There is no Alabama case law addressing this fact situation, although some early cases from other jurisdictions address it.
The Alabama case that most closely resembles this case factually is Chicago, Mobile Development Co. v. G.C. Coggin Co., 259 Ala. 152, 66 So.2d 151 (1953). The Association argues that Coggin requires that the summary judgment be upheld, because, according to the Association, under that case, there was no eviction and Callon cannot, as a matter of law, recover the damages it seeks. In G.C. Coggin, the Chicago, Mobile Development Company ("Development Company") owned a parcel of land in Mobile County. In July 1944, the Development Company executed a mineral lease to Sun Oil Company for a term ending in 1949 and then extended the term through July 1950. In December 1948, the Development Company sold a portion of its land to Rufus and H.W. Snow, by warranty deed containing covenants of warranty and for quiet enjoyment. In October 1949, the Snows executed a warranty deed to G.C. Coggin Company ("Coggin") and conveyed to Coggin all the land it had purchased from the Development Company. Coggin took possession of the land and began cutting timber and pulpwood. The Development Company never entered the land that it had leased to Sun Oil Company.
Coggin sued the Snows and the Development Company, claiming, inter alia, that the Development Company had breached covenants of warranty and for quiet enjoyment. The Snows cross-claimed against the Development Company for breach of the covenant of warranty of title and the covenant for quiet enjoyment.
The Court held that there had been no actual or constructive eviction, implying that the mere existence of the lease would not constitute eviction as a matter of law, when, as in that case, there had been no action taken to use the lease to enter the land. 259 Ala. at 160, 162, 66 So.2d at 156, 157. The Court further stated that the right to recover attorney fees that comes from the action for breach of the covenants does not exist in every action where the title is in some way attacked; rather, the Court held, the duty to pay attorney fees arises "only in a suit with the claimant of an outstanding superior right, usually seeking to obtain possession in order to profit *345 by that right." 259 Ala. at 162, 66 So.2d at 158.
G.C. Coggin does not support the Association's argument. In regard to the issue of eviction, the case addresses a lease that was never used, not a lawsuit by the covenantor to take title from the covenantee, as the Association tried to do. Furthermore, G.C. Coggin addresses eviction only in a summary fashion and does not provide meaningful discussion of the issue. Concerning the award of attorney fees, G.C. Coggin says that they are recoverable in a breach of covenant action exactly like the one the Association brought, an action with a "claimant of an outstanding superior right." Accordingly, G.C. Coggin actually supports Callon on the issue of recovery of attorney fees.
Several early cases from other jurisdictions address the relationship between the grantor/covenantor and the covenantee. In Cassada v. Stabel, 98 A.D. 600, 90 N.Y.S. 533, 535 (Sup.Ct.1904), the court wrote:
"A covenant that the grantee `shall quietly enjoy the said premises' must be construed as meaning that such grantee, his heirs, successors and assigns, shall and may at all times thereafter peaceably and quietly have, hold, use, occupy, possess and enjoy the said premises, and every part and parcel thereof, with the appurtenances, without any let, suit, trouble, molestation, eviction or disturbance of the grantor, his heirs, successors, or assigns, or any person or persons lawfully claiming or to claim the same.
"....
"... [W]hile the main object of a covenant for quiet enjoyment is to protect the grantee ... from the lawful claims of third persons having a title paramount to that of the covenantors, the covenant may be broken by a forcible entry or disturbance by the grantor .... Where the acts done by the grantor amount to a claim of title by him, the covenant is broken."

(Emphasis added.)
Other courts and authorities have stated that every grant of any right, interest, or benefit carries with it an implied undertaking on the part of the grantor that the grant is intended to be beneficial, and that, so far as the grantor is concerned, he will do no act to interrupt the free and peaceable enjoyment of the thing granted. Akerly v. Vilas, 23 Wis. 207, 219-20 (1846); Atler v. Erskine, 50 Tex.Civ.App. 576, 111 S.W. 186, 187 (1908); 21 C.J.S. Covenants § 108, p. 965 (1940). The covenant has been regarded as an agreement that the grantor will not trouble, molest, evict, or disturb the grantee. 21 C.J.S. Covenants § 45, p. 916 (1940).
While in a third-party situation, the covenant of quiet enjoyment "applies only to the acts of those [third parties] claiming by title, [it is] subject, however to the exception that it shall extend to the act of the covenantor himself, done under color or mere claim of title." Akerly, 23 Wis. at 216. Thus, while the covenant is breached in a third party situation only if the third party attacking title in fact has paramount title, "the covenant ... bars the grantor from claiming the estate granted." 21 C.J.S. Covenants § 45, p. 916.
The court in Cassada wrote further that "the covenant for quiet enjoyment extends to all acts of the covenantor, whether tortious or not, if committed under color of title." (Emphasis added.) 90 N.Y.S. at 536 (quoting Cyc. of Law & Procedure, 1119); in Atler, 50 Tex.Civ.App. 576, 111 S.W. at 186, the court wrote that "the principle which requires the eviction or disturbance to be by one claiming under a superior title to constitute a breach of the covenant for quiet enjoyment is subject to certain well-settled exceptions, among which is that the covenant extends to all acts of the covenantor himself whether tortious or otherwise."
The holdings of those courts are sound. We hold that when the Association filed its action against Callon claiming paramount title, the action itself constituted constructive eviction for the purposes of Callon's claim alleging breach of the covenant of quiet enjoyment. The early cases support this holding. "The covenantor's suit, if wrongful, could not result in [a *346 physical] eviction of the covenantee; and to require proof of [physical] eviction would allow the covenantor to break the covenant, by suit, with impunity." Akerly, 23 Wis. at 218. "[A] groundless suit ... by the covenantor himself is a breach of the covenant [of quiet enjoyment]. The obligation he has assumed forbids that he should be at liberty to disquiet and disturb his grantee by groundless actions, with no other liability than to pay costs." Id. "Of a covenant for enjoyment without interruption or molestation, it shall be a breach if the covenantor prosecute him [the covenantee] in a court of equity." Akerly, 23 Wis. at 213.
The Association contends that even if there was an eviction, it was not under paramount title, and therefore that Callon cannot maintain its action. The law does require, as we stated in Owen, that when an attack on the title is made by a third party with an alleged superior claim of title, the eviction must be by actual paramount title, that is, the third party must succeed on its claim of superior title. We have not addressed, however, the question whether the attack on the title must actually be successful when the attack is made by the covenantor himself.
The authorities discussed earlier indicate that the covenantor's action need not be successful in its claim for paramount title to support an action by the covenantee for breach of the covenant of quiet enjoyment. Akerly, 23 Wis. at 216, 218; Cassada, 90 N.Y.S. 533, 536. With regard to the Association's argument that the attack must be successful, there is a reasonable basis for distinguishing between a third party's attack on the title of the covenantee and an attack instigated by the covenantor himself. A grantor/covenantor that covenants quiet enjoyment cannot control whether a third party will attack the grantee's (covenantee's) title under claim of paramount title. A covenantor cannot prevent a third party from filing a frivolous, groundless lawsuit; it can only control or affect whether a third party actually has paramount title because of some act by the covenantor. Accordingly, when a third party attacks title, the covenantor is liable for breach of the covenant of quiet enjoyment only if the third party actually has paramount title. However, the covenantor can control absolutely whether it attacks the title it has conveyed to the covenantee.
In addition to those distinctions, sound policy dictates that the Association as covenantor should not be able to file an action claiming superior title against its covenantee Callon without regard to its covenant of quiet enjoyment: The law should not penalize Callon as covenantee for choosing to defend its rightful claim to the royalty interest by taking away its cause of action for breach of that covenant when it does so. Callon should not be required to choose between relinquishing its claim of title and releasing its cause of action for breach of the covenant of quiet enjoyment.
The judgment is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES and SHORES, JJ., concur.
HOUSTON, J., concurs specially.
HOUSTON, Justice (concurring specially).
I concur with the well-reasoned opinion of Justice Kennedy. I write separately to address our standard of review.
Dauphin Island Property Owners Association, Inc., argues that our standard of review in this case is whether there has been an abuse of discretion. If this were the standard of review, I would dissent. However, in this action we are asked to determine if the trial court erred in entering a summary judgment for the Association on Callon's counterclaim for breach of covenant of quiet enjoyment. A trial court's entry of a summary judgment is not a discretionary act; no presumption of correctness attaches, and our standard of review in such a case is not whether there has been an "abuse of discretion." Hightower & Co. v. United States Fidelity & Guaranty Co., 527 So.2d 698, 701 (Ala. 1988). In accordance with our standard of *347 review of determining whether there is evidence to support each element of Callon's counterclaimto raise a genuine question of material fact as to whether that element exists, Rule 56(c) A.R.Civ.P.this Court must review the record in a light most favorable to the non-movant, Callon, and resolve all reasonable doubts against the Association. Sanders v. Kirkland & Co., 510 So.2d 138, 142 (Ala.1987). The Association had covenanted and warranted quiet enjoyment "against acts done ... by the grantor" (the Association). St. Paul Title Insurance Corp. v. Owen, 452 So.2d 482, 485-86 (Ala.1984); Ala.Code 1975, § 35-4-271. The contention by the Association that it was merely trying to determine whether Callon had good title because of the Rule against Perpetuities does not support the Association's position. One whose title is defective because of the Rule against Perpetuities is not a pariah; one whose title is defective because of the Rule against Perpetuities and whose enjoyment of title is disputed is not deprived of a right to file a breach of warranty of quiet enjoyment action against his grantor, who covenanted and warranted quiet enjoyment.