(September 17, 2001)

■ JOHN ALEXANDER et al., Respondents, v JAMES M. SCOTT, JR., et al., Appellants. [730 NYS2d 254] —In an action, *inter alia*, to recover damages for the intentional infliction of emotional distress, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered June 15, 2000, as denied those branches of their motion pursuant to CPLR 3211, previously converted to a motion for summary judgment, which were to dismiss the first, second, fourth, fifth, and eighth causes of action in the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion which

were to dismiss the first, second, fourth, fifth, and eighth causes of action are granted, and those causes of action are dismissed.

Regardless of whether it was appropriate for the Supreme Court to have converted the defendants' motion pursuant to CPLR 3211 (c) into a motion for summary judgment, the first, second, fourth, fifth, and eighth causes of action failed to state causes of action. In dismissing the third, seventh, and ninth causes of action seeking punitive damages, the Supreme Court overlooked the fifth cause of action, which also sought punitive damages. It should have been dismissed as well since there is no independent cause of action for punitive damages (*see, Oakfield Group v Bell Atl. Corp.,* 277 AD2d 365).

The Supreme Court should have dismissed the first cause of action which, at best, can be interpreted as pleading a cause of action to recover damages for malicious prosecution (*see, Realty by Frank Kay v Majestic Farms Supply,* 160 AD2d 789, 790). The plaintiffs' unsubstantiated and conclusory allegations of malice are insufficient to sustain the cause of action (*see, Mondello v Mondello,* 161 AD2d 690, 691).

The second cause of action alleging intentional infliction of emotional distress should have been dismissed. All of the conduct complained of was well within the bounds of adversarial proceedings and was not outrageous or egregious (*see, Lazich v Vittoria & Parker,* 189 AD2d 753; *cf., Freihofer v Hearst Corp.,* 65 NY2d 135, 143-144).

The Supreme Court further erred in failing to dismiss the fourth cause of action alleging slander of title based on the defendants' filing of a notice of pendency. "[A] notice of pendency does not give rise to a cause of action sounding in slander of title" (*Sopher v Martin,* 243 AD2d 459, 462).

Finally, the eighth cause of action alleging breach of the covenant of quiet use and enjoyment of property should have been dismissed as the plaintiffs failed to state a cause of action. The defendants are neither the plaintiffs' grantors nor successors to the plaintiffs' grantors of their property (*see, Cassada v Stabel,* 98 App Div 600; 43 NY Jur 2d, Deeds, § 79). Ritter, J. P., Florio, H. Miller and Crane, JJ., concur.